[No. 11645.    Department One. — March 21, 1888.]

AUGUST OTTO, Respondent, v. JOURNEYMEN TAILORS' PROTECTIVE AND BENEVOLENT UNION OF SAN FRANCISCO et al., Appellants.

Unincorporated Associations — Protection of Property Rights of Members. — Courts will interfere for the purpose of protecting property rights of members of unincorporated associations, in all proper cases, and when they take jurisdiction, will follow and enforce, so far as applicable, the rules applying to incorporated bodies of the same character.

Id. — Expulsion when Proper. — A member of an unincorporated association may be expelled therefrom for a violation of such of the established rules of the association as have been subscribed or assented to by the

members, and as provide expulsion for such violation, or for such conduct as clearly violates the fundamental objects of the association, and if persisted in and allowed would thwart those objects or bring the association into disrepute.

ID. — REVIEW OF EXPULSION. — In the matter of an expulsion, the association acts in a *quasi* judicial character, and so far as it confines itself to the exercise of the powers vested in it, and in good faith pursues the methods prescribed by its laws, such laws not being in violation of the laws of the land or any inalienable right of the member, its sentence is conclusive, like that of a judicial tribunal. The courts will, however, decide whether the ground for expulsion is well taken.

ID. — EXPULSION FOR OFFENSE PUNISHABLE BY FINE. — An unincorporated association, having a benefit fund in which all of its members are entitled to participate, cannot expel a member for an offense which by the rules of the association is punishable by a fine only.

ID. — IMPROPER EXPULSION. — The expulsion of a member, nominally for an offense for which such punishment is proper, but in reality for an offense punishable only by fine, is invalid.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John C. Hall,* and *John M. Days,* for Appellant.

The offense of which the plaintiff was found guilty was sufficient ground for expulsion as matter of law, irrespective of any provision of the constitution or by-laws. The power of expulsion is inherent in every society. (*Bartlett* v. *Medical Society,* 32 N. Y. 194; *Evans* v. *Philadelphia Club,* 50 Pa. St. 107; *People* v. *Board of Trade,* 80 Ill. 134; *Commonwealth* v. *Pike,* 8 Watts & S. 250; *Black* v. *Van Dyke,* 2 Whart. 309; *Commonwealth* v. *Philanthropic,* 5 Binn. 486; *White* v. *Brownell,* 3 Abb. Pr. 318; *Anacosta Tribe* v. *Murbach,* 13 Md. 911; 71 Am. Dec. 625.) The plaintiff was served with a copy of the specifications of the charges, and was notified where and when the trial would take place. He appeared then and there, answered the charges, and stated his case, and the central body, whose decree he had agreed to be bound by, found him guilty and expelled him. That finding was conclusive upon the court. (*State* v. *Chamber of Com-*

*merce*, 47 Wis. 670; *Commonwealth* v. *Beneficial Society*, 8 Watts & S. 247; *Black & White Smiths Society* v. *Van Dyke*, 2 Whart. 311, 312; 30 Am. Dec. 263; *White* v. *Brownell*, 3 Abb. Pr., N. S., 318; 2 Daly, 359; *People* v. *Board of Trade*, 80 Ill. 134; *Robinson* v. *Yates City Lodge*, 86 Ill. 598; *German Reformed Church* v. *Sieberst*, 3 Pa. St. 282; Hirschl on Law of Fraternities, 51, 54, 59.)

*Oliver P. Evans, Rhodes Borden,* and *L. M. Hoefler,* for Respondent.

The expulsion was irregular, because even if the strike had been properly ordered, the union did not follow the by-law in fixing the punishment. (Hirschl on Law of Fraternities, 57; *Waring* v. *Ga. Med. Soc.*, 38 Ga. 608; 95 Am. Dec. 408; *Franklin Soc.* v. *Commonwealth*, 10 Pa. St. 357; *Roehler* v. *Mechanics' Aid Society*, 22 Mich. 86; *Rex* v. *Richardson*, 1 Pa. St. 538; *Evans* v. *Philadelphia Club*, 50 Pa. St. 107; *Elliott* v. *N. Y. Cotton Ex.*, 8 Hun, 216; *Rex* v. *Sutton*, 10 Mod. 76.) The expulsion, not having been made in good faith, cannot be sustained. (Hirschl on Law of Fraternities, 55–57; *Pittman* v. *Adams*, 44 Mo. 570; *Waring* v. *Ga. Med. Society*, 38 Ga. 608; 95 Am. Dec. 408; *White* v. *Brownell*, 4 Abb. Pr., N. S., 162; *Society for Visitation of Sick* v. *Commonwealth*, 52 Pa. St. 125; 91 Am. Dec. 139.) The court will go behind the decisions of the society tribunal which expelled the member, and see if the cause was sufficient to warrant the expulsion, as well as to see that the by-laws have been strictly followed, that the proceedings were fair and regular, and that the action of the society was not malicious or contrary to natural justice. (Hirschl on Law of Fraternities, 50–53, 55–57; *Evans* v. *Philadelphia Club*, 50 Pa. St. 107; *Waring* v. *Ga. Med. Society*, 38 Ga. 608; 95 Am. Dec. 408; *Savannah Cotton Ex.* v. *Warfield*, 54 Ga. 668; *Binns* v. *St. Patrick Soc.*, 2 Binn. 441; *Fisher* v. *German etc. Soc.*, 15 Pa. St. 251; *Franklin Soc.* v. *Commonwealth*, 10 Pa. St. 357; *Commonwealth* v. *Guard of Poor*, 6 Serg. & R. 475; *Luch*

v. *Harris,* 2 Brewst. 571; *Kennedy* v. *Merchants' Ex.,* 2 Mo. App. 96; *Pittman* v. *Adams,* 44 Mo. 570; *Grahame* v. *Chamber of Commerce,* 20 Wis. 68; *People* v. *N. Y. C. Ex.,* 8 Hun, 216; *Doyle* v. *N. Y. Soc. of Masons,* 3 Hun, 361; *Olery* v. *Brown, Pres. etc.,* 51 How. Pr. 92; *Gray* v. *Erie Med. Soc.,* 24 Barb. 571; *Austin* v. *Searing,* 16 N. Y. 112; 69 Am. Dec. 665; *People* v. *St. Franciscus Ben. Soc.,* 24 How. Pr. 216; *Labouchere* v. *Beefsteak Club,* L. R. 13 Ch. Div. 346; *Fisher* v. *Keane,* L. R. 11 Ch. Div. 353; *Wood* v. *Wood,* L. R. 9 Exch. 190.)

SEARLS, C. J.—This is an appeal from a writ of mandate issued by the superior court, commanding appellant to reinstate the respondent, August Otto, to membership in the society, and to restore him to all the rights, privileges, and immunities of membership therein.

The appellant is, and since 1873 has been, an unincorporated association composed of about two hundred persons, tailors by occupation, organized for the purpose of transacting the business of a benevolent association, of improving the condition of its members, and for protection against unjust and arbitrary encroachment of capital.

The association has a constitution and by-laws, providing for its government, and has a benevolent fund to which members may, under proper circumstances, become entitled to a certain extent.

Plaintiff became a member about October 1, 1883, and continued such in good standing until June 9, 1884, when, as the court finds, he was expelled without any hearing or trial whatever.

On May 24, 1884, plaintiff was a regular member in good standing of the association, and of the benevolent fund branch of the association, and entitled to its pecuniary benefits, when a question arose in reference to the employment of non-members of the association by a firm of tailors, and such proceedings were had that a special meeting of all members of shop meetings was called, at

which it was decided, by a vote of eighty-nine for and thirty-nine against, to declare a strike against the offending firm, for which plaintiff was laboring.

By the constitution and by-laws it is provided that a two thirds majority of the members shall be necessary to ordering a strike. There were at the time 176 members entitled to vote on the question, of whom two thirds did not vote, but two thirds of those present at the meeting did vote in favor of the strike. Plaintiff opposed such strike. He at first expressed a determination to abide by the decision, but finally, upon being offered work by the offending firm, accepted such work, and was therefor expelled from the association, as hereinbefore stated, and all union members were informed thereof, whereby he has since that date, under the rules of the association, been prevented from procuring employment in union shops, which seemed to include most of the better class of shops in the city (San Francisco).

The expulsion was invalid in this: members working for parties against whom a strike is declared are subject to fine of not less than ten dollars nor more than one hundred dollars, and no other or further penalty is provided, so far as appears by the constitution and by-laws.

On the 17th of July, 1884, the striking members of the union agreed to terminate the strike, and to return to work for the employers of the plaintiff, on the condition that they would discharge the latter, which was done, and the strike thus terminated.

On the 13th of October, 1884, the central body of the union rescinded the expulsion of plaintiff, and on the same day of the same month other charges involving conspiracy on the part of plaintiff, and others, against and to the injury of the society and its members, were preferred. The twenty-seventh day of October was set for the trial of plaintiff upon the charges, which trial subsequently took place, and plaintiff was found guilty of conspiracy, and expelled from the society.

The court below finds, as bearing upon this point, in substance: 1. That the expulsion of June 9th was for working for a firm against whom a strike had been ordered; 2. That the rescission of October 13th was not made in good faith, and was only for the purpose of expelling him again; 3. That the first and second expulsions were for one and the same offense, and was not called *conspiracy*, until the charges were drawn by an attorney, and then only that a charge might be formulated which would warrant expulsion, independent of the constitution and by-laws; 4. That the trial of October 27th was by the central body, and not by the union as a whole; that this was not fair, was contrary to natural justice, not provided for by the constitution or by-laws, etc.

The findings fully sustain the allegations of the petition, and warrant the judgment of the court, provided it is within the province of that tribunal to investigate and question the action of the appellant in expelling plaintiff.

Appellant specifies many particulars in which it is claimed the decision of the court is not supported by the evidence.

We have examined the testimony, and are of opinion that it warrants the findings of the court in all essential particulars.

To enumerate the several objections, and specify the evidence in support of the findings excepted to, would extend the decision beyond reasonable limits, without any corresponding benefits to the parties; hence we dismiss this branch of it thus summarily.

Courts will interfere for the purpose of protecting property rights of members of unincorporated associations in all proper cases, and when they take jurisdiction, will follow and enforce, so far as applicable, the rules applying to incorporated bodies of the same character.

Respondent, as a member of the association in good standing, who had paid all of his dues and assessments, and who was entitled to participate in the benefit feature of the company, had property rights involved, which, if violated, entitles him to the protection of the courts.

The right of expulsion from associations of this character may be based and upheld upon two grounds: 1. A violation of such of the established rules of the association as have been subscribed or assented to by the members, and as provide expulsion for such violation; 2. For such conduct as clearly violates the fundamental objects of the association, and if persisted in and allowed would thwart those objects or bring the association into disrepute.

We content ourselves with stating the propositions thus broadly, and for the purposes of this case need not refer to the numerous authorities defining and limiting the power.

In the matter of expulsion, the society acts in a *quasi* judicial character, and so far as it confines itself to the exercise of the powers vested in it, and in good faith pursues the methods prescribed by its laws, such laws not being in violation of the laws of the land or any inalienable right of the member, its sentence is conclusive, like that of a judicial tribunal. (*Commonwealth* v. *Pike Benevolent Society*, 8 Watts & S. 250; *Burt* v. *Grand Lodge F. & A. M.*, 44 Mich. 208; *Robinson* v. *Yates City Lodge*, 86 Ill. 598.)

The courts will, however, decide whether the ground for expulsion is well taken. (Hirschl on Law of Fraternities, 55; *Savannah Cotton Ex.* v. *State*, 54 Ga. 668.)

It has been held, in reference to the expulsion of members from societies of this character, that the courts have no right to interfere with the decisions of the societies except in the following cases: "1. If the decision arrived at was contrary to natural justice, such as the member complained of, not having an opportunity to explain

misconduct; 2. If the rules of the club have not been observed; 3. If the action of the club was malicious, and not *bona fide*." (Hirschl on Law of Fraternities, 56; *Dawkins* v. *Antrobus*, 44 L. T. Rep. 557; *Lambert* v. *Addison*, 46 L. T. Rep. 20.)

Article 25 of appellant's constitution provides as follows: "If any member defrauds this union, he shall be dealt with as the central body may decide."

Beyond this no specific provision appears in the constitution or by-laws under which members may be expelled.

The contention of appellant is, that the power of expulsion is inherent in every society, and that the offense of which plaintiff was found guilty was sufficient ground for expulsion, as matter of law, irrespective of any provision of the constitution or by-laws.

We subscribe to that portion of the proposition which asserts the inherent right of expulsion, subject, however, to the limitations hereinbefore expressed.

For the purposes of this case, we assume, also, without deciding: 1. That the charges and specifications against plaintiff were sufficient, upon being proven, to warrant his expulsion under the inherent right so to do mentioned; 2. That the central body,—that is to say, the board of delegates of shop societies,—as contradistinguished from the entire body of members, may exercise the power of expulsion.

Conceding these propositions, however (so far as the latter is concerned, we doubt if it can be maintained), and the facts as found by the court still remain, that plaintiff was really and in fact found guilty for no other offense than that for which he was expelled in the first instance, viz., for working for parties against whom a strike had been ordered; that the expulsion was not in good faith, was not fair, and was contrary to natural justice; that the charge of "conspiracy to injure and destroy the union" was in substance but a pretext to

punish him for an offense only subjecting him to a fine, in a manner wholly different from the imposition of the penalty provided therefor, etc.

We think, as before stated, that there was evidence from which the facts as found were fairly deducible.

These facts raise the inevitable conclusion that the trial and conviction of plaintiff was a travesty upon justice, and lacking in the essential elements of fairness, good faith, and candor, which should characterize the action of men in passing upon the rights of their fellow-men.

We are referred to the provision of appellant's constitution, which provides that " any member having a grievance shall have the right to lay his case before the central body, who shall take action thereon, and whose decision shall be final."

No doubt when action is properly taken in the manner indicated, it is final, and the courts will not interfere; but when under the guise of remedying the grievance of a member, the central body acts in bad faith, and maliciously makes the subject of the grievance a pretext for oppression and wrong, its action may, however, to that extent, be the subject of review.

The judgment is affirmed.

PATERSON, J., and McKINSTRY, J., concurred.