## Wilson v. Pine Knot Council Number 54, et al.

(Decided May 8, 1917.)

## Appeal from McCreary Circuit Court.

1.   Beneficial Associations—Members—Suspension—Restoration—Appellate Tribunal—Jurisdiction—Presumption.—Where a member of a mutual benefit association who was expelled by the local council was restored to membership by a judgment of the appellate tribunal provided by the order to hear and determine such questions, the presumption is that the appellate tribunal had jurisdiction, and in the absence of a by-law prohibiting appeals from the local council to the appellate tribunal unless prosecuted within thirty days, and in the absence of a showing that if such by-law existed the question of jurisdiction might not be waived by the parties, such presumption is not overcome by the testimony of one or two members of the order that the appeal had to be taken within thirty days.

2.   Beneficial Associations — Members — Suspension — Remedies.— Where, on appeal from the action of the local council of a mutual benefit association, an expelled member, having a policy entitling him to certain sick and death benefits, is restored to membership by a judgment of the appellate tribunal provided by the laws of the association, and the local council refuses to obey the judgment, a court of equity will grant a mandatory injunction restoring him to the privileges of membership.

L. G. CAMPBELL and H. M. CLINE for appellant.

STEPHENS & STEELY and STEPHENS & GILREATH for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, L. R. Wilson, brought this suit against Pine Knot Council No. 54, Junior Order United American Mechanics, and George W. Ashton and others, members of the council, to recover damages for unlawful expulsion, and to obtain a mandatory injunction restoring him to the privileges of membership in the order. The question whether plaintiff was unlawfully expelled was submitted to a jury, which returned a verdict in favor of the defendants. Judgment was entered accordingly, and plaintiff appeals.

Briefly stated, the facts are as follows: The Junior Order of United American Mechanics is a mutual benefit society, and at the time of plaintiff's expulsion he was

entitled to sick benefits of $4.00 per week and to a death benefit of $500.00. The constitution and by-laws of the order provide that a member who allows himself to become thirteen weeks in arrears shall become suspended without action on the part of the council. Plaintiff's monthly dues were 65 cents. His dues were paid up to February 1, 1911. On May 2, 1911, he mailed $1.95 for three months' dues to the secretary. This sum was not received by the secretary until May 4. On May 9, plaintiff was dropped from membership. Some time later plaintiff prosecuted an appeal from the action of the local council to the State Judiciary, which rendered the following judgment:

"We find that the acting financial secretary, W. S. Gilreath, accepted the $1.95 from L. R. Wilson and gave him credit for the above amount, and that the council had no authority to drop Brother L. R. Wilson for non-payment of dues after they had accepted this money. We therefore order Pine Knot Council No. 54 to reinstate Brother L. R. Wilson at once.

(Signed)     "J. A. Cherrington, Chief Judge.
              "A. M. Hall, Judge.
              "B. J. Goohringer, Judge."

Notwithstanding this judgment, the local council, claiming the judgment is void, refused, and still refuses, to restore plaintiff to membership.

Plaintiff insists that the chancellor erred in refusing to grant him a mandatory injunction restoring him to membership in the order.

The contention that the judgment of the State Judiciary is void is based on the claim that the appeal from the local council to the State Judiciary was not prosecuted within thirty days. While one or two members of the order state that an appeal from the action of the local council to the State Judiciary must be taken in thirty days, we find in the record no provision of the constitution or by-laws of the order to that effect. The only by-law in the record covering the question of appeals relates solely to appeals from the State Judiciary to the National Judiciary, which must be prosecuted within thirty days from the rendition of the judgment. Here, then, we have a case where the State Judiciary, the appellate tribunal created by the order to hear and determine such questions, entertained the appeal, assumed jurisdiction of the case, and rendered a judgment reversing the

action of the local council and restoring appellant to membership in the order. Under these circumstances, the presumption is that the State Judiciary has jurisdiction, and this presumption cannot be overcome except by a clear showing to the contrary. In the absence of a by-law prohibiting appeals from the local council to the State Judiciary unless prosecuted within thirty days, and in the absence of a showing that, even-if such by-law existed, the question of jurisdiction could not be waived by the parties, we conclude that the mere statement of one or more members of the local council that the appeal must be taken within thirty days, is not sufficient to establish the fact that the State Judiciary, which assumed authority to act, and did act, was without jurisdiction. We, therefore, conclude that the judgment in question, from which no appeal was ever prosecuted by the local council to the National Judiciary, is binding on the local council.

If this were a case where only the social privileges of the order were involved, plaintiff would be relegated to such measures of relief as the State Judiciary might adopt under the laws of the order. As it is, however, plaintiff is a member of the benefit department of the order and has a contract entitling him to certain sick and death benefits, of which he will be deprived unless the order of reinstatement is enforced. In other words, he has a property right which, because of its peculiar nature cannot be accurately measured in damages, and which can be adequately protected only by his restoration to membership. Under these circumstances, we conclude that plaintiff is entitled to a mandatory injunction, commanding the local council and its officers to restore him to the privileges of membership in the order. Olery v. Brown, 51 How. Pr. (N. Y.) 92; Society of Italian Union & Brotherhood v. Montedonico, 5 R. 586; Otto v. Journeyman Tailors' Protective and Benevolent Union, 75 Cal. 308, 7 Am. St. Rep. 156, 17 Pac. 217; Horgan v. Metropolitan Mut. Aid Ass'n, 202 Mass. 524, 88 N. E. 890.

Judgment reversed and cause remanded for proceedings consistent with this opinion.