[No. 3053, Nov. 19, 1926. Rehearing Denied Jan. 5, 1927.]

CLEVENGER v. SULIER et al.

[252 Pac. 173.]

SYLLABUS BY THE COURT

1. An insured member of a benefit society is entitled to notice of the specific offense charged against him as ground for expulsion.

2. Where the charge was so formulated that the member justifiably interpreted it as accusation of a specific offense, his pleading and going to trial without objection cannot be deemed a waiver of his right to specification, when it appears that he was not convicted for the particular offense, but for misconduct in general.

Appeal from District Court, Bernalillo County; Helmick, Judge.

Suit by J. R. Clevenger against D. A. Sullier and others to annul an order of expulsion from Division No. 371, Grand International Brotherhood of Locomotive

[1] 29 Cyc p. 36 n. 47.    [2] Cyc p. 36 n. 47.

Engineers, and for other relief. From an adverse judgment, plaintiff appeals. Reversed and remanded, with directions.

Mechem & Vellacott, of Albuquerque, and O. O. Askren, of Santa Fe, for appellant.

Downer & Keleher, of Albuquerque, for appellees.

### OPINION OF THE COURT

WATSON, J. Suit by J. R. Clevenger to annul an order of expulsion from Division No. 371, Grand International Brotherhood of Engineers. to reinstate him as a member, and to enjoin the appellees, individual members of said division, from refusing to recognize him as a member, and to accord him the rights, privileges, and benefits appertaining to membership. From an adverse judgment, he appeals.

[1] The complaint alleges that appellant was a member in good standing of said division, which is a branch and integral part of said brotherhood; that expulsion from the division involves and results in loss of membership in the brotherhood, and of the privileges and benefits appertaining thereto, including loss of certain insurance and sick and accident benefits secured to him under a policy or certificate issued by said brotherhood, which appellant had held for a long time, and upon which he had paid large sums of money. It was further alleged that on the 7th day of July, 1921, appellant was expelled from the division and from the brotherhood upon the following charge:

"For violation of obligation on account of him being accused of charge of rape and is now being tried before the court; also conduct unbecoming as a member and citizen."

The complaint alleged, further, that while appellant was, on July 7th, 1921, convicted in the district court of San Miguel county on the charge of rape, referred to in such charges, he had appealed from such conviction, and the judgment had been reversed by the Supreme Court (see State v. Clevenger, 27 N. M. 466,

202 P, 687), and that thereafter the said charge of rape was dismissed in the district court. The stated ground for relief is that the charges aforesaid fail to set forth any violation of the statutes or laws of the brotherhood or division, by reason whereof said division was without jurisdiction to expel appellant.

Appellees, by their first amended answer, denied the illegolity of the expulsion and set up new matter in defense of the jurisdiction. They allege, in substance, that, prior to the institution of the proceedings in question, appellant had been indicted on the charge of rape, committed upon the reputed wife of a son of a member of said division, and that in conversation with another member of said division he had denied committing the rape, but had admitted making indecent proposals; that, by reason of this, the relations of the appellant, and his conduct toward the said woman, were matters of common knowledge in the community, and of general discussion and concern among the members of the division; that the laws of the division and of the brotherhood provide against willful injury of a brother, or of a brother's family, and against any unbecoming or disgraceful conduct, for the bringing of charges in writing against any member of the division guilty of any such offenses, and for expulsion or other penalty on conviction thereof; that pursuant to these laws and in compliance with the prescribed procedure, the charges above recited were made and served upon the appellant; and that said charges were intended and fully understood by the appellant to mean that appellant was thereby accused of violating his obligation not to injure the family of a brother member "in that he had committed rape or an assault upon, or had made indecent proposals to——, wife of——, who was a son of ——, a member of Division No. 371; and that he was further charged with conduct unbecoming a member and citizen by reason of his relations with, conduct toward, and assault upon the said———; that when he appeared for trial the plaintiff made no objections to the specification of charges against him as set forth in the written notice, but, knowing and under-

standing the meaning and intent thereof as heretofore alleged, consented to and permitted his trial to proceed.''

The new matter having been denied, the parties went to trial. Appellants stood upon the legal insufficiency of the charge to confer jurisdiction. Appellees undertook the burden of proving the new matter alleged, offering in evidence the minutes of the division, and the testimony of several of the appellees. It seems to have been the purpose of this evidence to show that appellant was not charged with nor expelled for having committed the crime of rape, but for some violation of obligation or misconduct connected with the occurrence on which the accusation of rape had been made in the courts. We may say here that there was no evidence to show a conviction by the division of any specific act, unless of rape. Appellant requested the trial court to find the specific act or acts of which the appellant was found guilty. The request was refused. No such finding could have been made.

Here, as in the trial court, appellant stands upon the insufficiency of the charge. He also assigns error upon the refusal to find as requested and to make specific findings. Counsel agree that:

"In cases of this kind the court never interferes, except to ascertain whether or not the proceedings were pursuant to the rules and laws of the society, were in good faith, and whether or not there was anything in the proceedings in violation of the laws of the land."

The question is, then, whether appellant has been dealt with according to the law of the land. Has he had due process?

Appellees contend, first, that the charges are in themselves sufficient; second, if not sufficient in themselves, they were made so by attendant circumstances; and, third that the accused, by pleading to them, and going to trial without objection, waived all question of their sufficiency. As appellees have been represented by able counsel, we think we may safely rest our conclusion upon a consideration of these propositions.

That the charges, considered independently of attendant circumstances, are fatally defective, seems too plain for argument. Indeed, counsel can hardly be said to press this view. In argument, they assume the existence of extrinsic facts and circumstances. So we pass at once to their second proposition.

We readily agree with counsel for appellees that the charge itself, with its reference to the criminal proceedings, and in the existing circumstances, must have directed appellant's attention to the facts connected with the occurrence upon which the public authorities had based the accusation of rape. It is not so easy to agree to the argument that, because of this, Clevenger was neither misled nor without sufficient information of the charges made against him by the lodge. Counsel enforces the argument by showing that at the opening of the lodge trial appellant "answered 'not guilty,' and thereupon immediately lauched into the merits or demerits of the rape case." Counsel have proven too much, and have, in our judgment, here pointed out the fatal weakness in the contention and the fatal defect in the charges. For present purposes, and without deciding, we concede counsel's next proposition, viz. that an accused may waive the objection that charges are not specific, and that he does so by pleading to them and going to trial.

In making this contention counsel argue as though the charges were entirely without specification, and were merely charges of violation of obligation and unbecoming conduct. Since such charges would have been sufficient, in the absence of objection, they consider them clearly sufficient when aided by the reference to the criminal proceeding for rape. But we do not think that the charges are aided by that reference. We think they are beclouded by it. Relied on by counsel as limiting the lodge inquiry to misconduct connected with a particular occurrence, they have shown that it was relied on by appellant as limiting the charge to one of rape. We are not merely catching counsel up on a weak point in their argument. We are satisfied from the

record that appellant so interpreted the charge, and pleaded and went to trial, as he supposed, on a charge of rape. That being true, the specification and the attendant circumstances were a snare and a delusion, so far as appellant was concerned, and the waiver not a deliberate and conscious consent to go to trial on vague and uncertain suggestions of general depravity and looseness of morals.

We think, also, that appellant was justified in so interpreting the charges. Without explanation, and in the light only of attendant circumstances, we should so interpret them. It is a well-known fundamental principle that every man put to trial, where his valuable property rights are involved, is entitled to notice of the particular act with which he is charged. The knowledge of it is not confined to lawyers. It is understood generally by intelligent people. Appellees are intelligent. Their calling as locomotive engineers vouches for it. It is plain that they are unskilled in the formulation of accusations. But that is unaccustomed work for them. Substance, not form, will naturally be the product of their efforts in that line. "Forgetting all nice distinctions, and looking at the charge as a whole, attempting in so far as possible to adopt the viewpoint of a layman," as counsel for appellees say we should, we should have said that the intention was, and the attempt was made, to charge appellant with the crime of rape.

[2] If appellant justifiably interpreted the charges as an accusation of rape, and made his defense on that basis. and was as appellees contend, convicted of some other offense, never specified and even now entirely unascertainable, it is manifest that he had but the shadow of a trial, and that his property rights were forfeited in disregard of the law of the land. If this is due process, then the property rights of members of benefit societies, including appellees themselves, are insecure, and almost outside the law's protection.

The issue here made, as counsel for appellees point

out, is whether the charges were sufficient to support jurisdiction. Their patent defects counsel have undertaken to cure by calling in attending circumstances and invoking waiver. Developing the facts has served, it seems to us, to make a bad matter worse. Instead of showing that appellant went to trial with full knowledge of the particular offenses charged against him, and without desiring further specification, it shows that he went to trial for rape, and, according to appellees' theory, that he was convicted of something else. Cases have been cited where knowledge necessarily imputed and waiver of objections have been deemed sufficient to cure the generality of charges. But here we have, not knowledge necessarily imputed, or to be imputed at all, but rather ignorance induced by the charges themselves. The same principle of law should apply here as in cases of bad faith, where the accused has been ostensibly charged and tried for one offense, but really for another. Otto v. Journeyman Tailors B. & P. Association, 75 Cal. 308, 17 P. 217, 7 Am. St. Rep. 156; Thompson v. Grand International Bro. of L. E., 41 Tex. Civ. App. 176, 91 S W. 834.

We agree with the learned trial judge that the determining question "is the sufficiency of the charge to support jurisdiction." We also agree with him that a conviction of crime is not charged. We cannot agree, however, "that a fair construction of the charge would be that the plaintiff was accused of unbecoming conduct in connection with matters on which he was charged with rape  in the criminal courts." Primarily the interpretation of this writing was a question of law, as much an original question here as in the court below. To what extent the trial court was influenced by the attendant circumstances we cannot tell, as no findings of fact were made. However, the attendant circumstances material are not in dispute. We find nothing tending to change what we consider the natural and reasonable interpretation. Doubtless the trial court took the view, as a matter of fact, that appellant, by reason of the reference to the criminal proceedings, was informed and knew that any and all misconduct

of his connected with the alleged rape was to become the subject of inquiry and the possible ground for expulsion. As before indicated, the only evidence urged in support of that view convinces us to the contrary.

It follows that there is error in the judgment. Since we conclude that the act of the division in expelling appellant was without jurisdiction, he was and is entitled to the relief prayed. A new trial could not change the situation. The judgment is reversed and the cause remanded. with direction to enter a decree for appellant in conformity with the prayer of his complaint; and it is so ordered.

PARKER, C. J., and BICKLEY. J., concur.

On Motion for Rehearing.

WATSON, J. It seems from appellees' argument on their motion for rehearing that the decision is not clearly understood. Its basis is this: The charges, correctly interpreted, and as understood and acted upon by the appellant, constitute an accusation of rape; but appellant was not tried or expelled for rape, but for other misconduct connected with an alleged rape. If this is true, it is apparent that appellant was expelled from the lodge without due process of law. That he was tried and expelled for causes other than rape is appellee's own proposition. They cannot complain because we adopt it. They can only complain of the interpretation we put upon the charges. The trial judge said that this was the determinative question, and we found it so.

Counsel vigorously contend that appellant was not charged with the commission of the crime. They urge that he was charged simply with "violation of obligation," and with "misconduct unbecoming as a member and citizen." They say that the language, "on account of being accused of charge of rape," is no part of the charge, but is merely a clause of explanation, and that the language, "is now being tried before the court." shows positively that it was not intended to charge a crime, but "was the intention of the lodge to let the

criminal courts handle the matter of the crime, if any, committed by Clevenger, and confined their charges to the conduct and acts of Clevenger in connection with the commission of the crime.'' While this may be plausible explanation, we cannot accept it as logical interpretation. In our view, the phrases just quoted must be deemed an attempt to specify the particular ''misconduct'' and ''violation'' intended to be relied upon. Certainly it is not ''misconduct'' or violation of obligation'' to be ''accused'' or to be ''tried before the court.'' No one could have thought so. Rape, however, is such ''misconduct'' and ''violation of obligation'' and is the only matter mentioned in the document which could be the basis of charges warranting investigation, trial and expulsion. The specification points to a particular act of rape. There might, indeed, be matters ''in connection with'' an alleged rape which would be cognizable by the lodge as offenses, but no such matters are specified or indicated. Defective as the charges are, they do point to a particular rape. If appellant had been, for that reason, tried and expelled, we are not prepared to say that the charges would have been considered insufficient. We can see no justification, however, for rejecting as a specification the only act mentioned ,and reading into the charges matters not even hinted at.

It is true that the theory on which we have disposed of the case is not exactly the theory on which appellant himself has urged. It was his theory that he was expelled either because the lodge believed him guilty of rape, or because a jury had convicted him of that offense. He took the position that the charges were not sufficient to support an expulsion even on those grounds. Appellees, however, by their answer, proofs and contentions, brought into the case the very material fact that appellant was not tried or expelled for those reasons. So doing, they eliminated the only theory on which the charges could be held sufficient.

Interpreting the charges as they did, appellees, in the effort to sustain them, undertook the burden of

showing from attendant circumstances, known to appellant, both that the lodge intended the charges, and that appellant understood them, as counsel now construe them. If it were admitted that the lodge actually so intended them, it would not satisfy the burden which appellees thus assumed, because, as stated in the original opinion, appellees, by their own showing, have convinced us that appellant did not so understand them. They now urge that appellant did not testify that he understood that he was being put to trial for rape. This fact is accounted for, we think, by the peculiar condition of the pleadings and course of the proceedings, upon which we deem it unnecessary here to elaborate. They also urge that the trial court found to the contrary upon substantial evidence. We do not so understand. The trial court made no finding as to appellant's understanding of the charges, but based his decision squarely upon his interpretation of them.

Holding these views, we must overrule the motion for rehearing; and it is so ordered.

PARKER, C. J. and BICKLEY, J., concur.