CALVIN C. BURT v. THE GRAND LODGE OF FREE AND ACCEPTED MASONS OF THE STATE OF MICHIGAN.

[See 44 Mich. 208.]

*Corporations — Organized bodies—Re-instatement of members — Mandamus.*

The only ground on which this Court can interfere with organized bodies by *mandamus* in aid of a member is that, as corporations, they are subject to our judicial oversight to prevent their depriving members of corporate privileges illegally. Where such bodies are not corporations, or where the question presented does not involve tangible and valuable corporate privileges, we cannot interfere in this way. A person who is wronged, if he has a legal cause of action, may pursue it in the appropriate action for damages against the persons who wrong him, but *mandamus* cannot lie.

Mandamus to compel the rescission of an order by respondent expelling petitioner. Submitted April 22, 1887. Denied May 5, 1887. The facts are stated in the opinion.

*F. A. Baker*, for relator.

*O. L. Spaulding* and *John W. McGrath*, for respondent.

CAMPBELL, C. J. Relator seeks a *mandamus* to compel the rescission of an order of respondent expelling him from the body. This was adopted in 1880. Soon thereafter he applied to this Court upon the supposition that this was done

in the course of an appeal from Michigan Lodge No. 50, of Jackson, and as an affirmance of the action of that lodge, which he claimed to have been in violation of his rights. Assuming that this lodge was a corporation, of which he was a member, for purposes of a mixed character, the application for a *mandamus* was denied on the petition itself, as indicating that he had chosen his remedy by appeal to the Grand Lodge as a domestic tribunal, and must abide by it.[1]

By the present application, which has been very long delayed, it appears that the Grand Lodge, instead of acting on his appeal, expelled him as having, by his showing in that case, declared himself not a member, and not capable of becoming a member, of that body, or any of its subordinate lodges. This being original action of a corporation in which the petition before us indicated that relator might have rights which had been disregarded, we allowed an order to show cause. Cause is shown, and the return is not disputed. We are therefore to determine whether we have authority to relieve him.

He applies on the ground that, being a member of the Masonic body from another state, he became, on his residence in Jackson, subject to the jurisdiction of the Jackson lodge before mentioned, and was charged in that body with what were claimed to be offenses against his duty as a citizen and a Mason, and condemned without any regard to his rights to a fair hearing. On appeal to the Grand Lodge, the proper committee of that body reported unanimously that the action of the inferior body was wrong and unjust, and they exonerated relator from the condemnation as entirely unwarranted. But the Grand Lodge, finding that relator in his objections to the action of the inferior lodge had asserted his independence of their jurisdiction by reason of his holding a high office in a different order of Masons, with which the lodge had no intercourse or relations, expelled him on that account; what

[1] See 44 Mich. 208.

was nominally an expulsion being practically no more than a refusal to recognize him as a Mason of their order.

The only ground on which this Court can interfere with organized bodies by *mandamus* in aid of a member is that, as corporations, they are subject to our judicial oversight to prevent their depriving members of corporate privileges illegally. Where such bodies are not corporations, or where the question presented does not involve tangible and valuable corporate privileges, we cannot interfere in this way. A person who is wronged, if he has a legal cause of action, may pursue it in the appropriate action for damages against the persons who wrong him, but *mandamus* cannot lie.

With the Masonic body, as such, we have no more to do than with any other voluntary society. They may do what they please in regard to their social relations. As a body, they have no corporate existence, and no corporate liability in this State. We only know such bodies as have taken corporate powers and duties in this State, and those corporate bodies we can only consider in their corporate relations. Such purely social relations as their members possess are held, no; by virtue of their corporate condition, but on other grounds.

No private corporation can have any power, as such, except over those who have become its members. We cannot give, an1 have not attempted to give, jurisdiction to any private corporation over any one else. If the body known as the lodge in Jackson, that undertook to deal with relator, has any concern with him as a stranger belonging to the Masonic order, it is not a power derived from the laws of this State. If, therefore, he is libeled, or otherwise injured, or if they undertake to discipline him, we cannot give him this remedy, because we cannot make him a member, if he is not one already. He may have some other action, if not barred, but he cannot have this.

The Grand Lodge was incorporated by special charter in

1849, and was made to consist of certain gentlemen named, and their associates and successors. No terms or membership were defined in the charter. This left the corporators who were named to determine as they saw fit in what way membership should be created and succcssion continued. They provided that no one should be a member of the corporation except certain high officials, present or past masters of subordinate lodges, and provided for organizing these lodges, which were to furnish the members of the Grand Lodge. Each lodge was to have full control over the admission of its members, and certain recognition was had of eligibility to membership of Masons in good standing from other states and places, but they were not made members unless chosen in the prescribed way. No one was eligible unless belonging to the York rite of Masonry, and all others were to be excluded.

Relator was never made a member of the Jackson lodge, and therefore never had any direct or indirect corporate relations with the Grand Lodge. No other than corporate relations come within our jurisdiction. But the return, which is not put in issue, indicates that he has become an officer of rank in a Masonic body with which the Grand Lodge and its branches are not in harmony or Masonic rela. tions. This would apparently make him ineligible to corporate membership. It is enough, however, for the present inquiry, that he is not, and never was, a member of the Grand Lodge, or of the lodge that originally undertook to expel him. For these reasons the *mandamus* must be denied; but as the respondent, without jurisdiction to discipline him, instead of so declaring, took steps that were apparently disciplinary, we do not think it proper to give costs against him.

SHERWOOD and MORSE, JJ., concurred.  CHAMPLIN, J., did not sit.