THE CITY OF HARTFORD vs. THE HARTFORD STREET RAILWAY COMPANY.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and CASE, Js.

Mandamus being an extraordinary remedy is to be applied only under exceptional circumstances, and its issue must to some extent be subject to judicial discretion.

Under the Street Railway Act of 1893 (p. 307), a municipality may properly order the removal of a cross-over switch which is laid in an unauthorized place.

But if it appears that the location of the switch was approved by the city's agents while engaged in carrying out in good faith what they believed to be the somewhat doubtful directions of the common council, and that the place thus selected promotes rather than injures the public interests, the issue of a writ of mandamus is not a matter of strict legal right, but one for the judicial discretion of trial court.

Argued October 3d—decided November 21st, 1901.

APPLICATION for a writ of mandamus requiring the removal of a cross-over switch claimed to have been illegally located and constructed by the defendant, brought to the Superior Court in Hartford County where the plaintiff's demurrer to the defendant's return was overruled (*Prentice, J.*), and the cause was afterwards tried to the court, *Elmer, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

*Edward B. Bennett*, for the appellant (plaintiff).

*Lucius F. Robinson*, for the appellee (defendant).

HAMERSLEY, J.   The defendant corporation is authorized to construct and operate a street railway in certain streets of the plaintiff city, subject to the exclusive control of the authorities of the city over its highways as defined by law. In pursuance of " An Act concerning Street Railways " (Public Acts of 1893, p. 307) the defendant presented to the court of common council of the city a plan for the relocation of its tracks in Farmington Avenue.   This plan indicated the position in the street of the tracks proposed to be constructed, and the precise position of the track in question, which was to be used as a cross-over switch.   This plan was approved by the court of common council, and the defendant was thereby authorized to lay its tracks in Farmington Avenue in the position indicated.   The defendant laid its tracks in pursuance of the plan approved, except the cross-over track in question, which was laid in a different position, and several hundred feet distant from that prescribed by the approval of the plan.

The court of common council, in pursuance of § 3 of the Act mentioned, ordered the defendant to remove the track. This order was not obeyed within the time limited, and the city then applied for this writ of mandamus to compel the defendant to remove the track.

The defendant moved to quash the alternative writ issued

by the Superior Court, on the ground that its allegations setting forth in substance the foregoing statement of facts were insufficient in law. The court sustained the motion and rendered judgment dismissing the writ; and from this judgment an appeal was taken to this court. We decided that the allegations of the alternative writ were sufficient in law, and reversed the judgment. *Hartford* v. *Hartford St. Ry. Co.,* 73 Conn. 327. The cause was remanded to the Superior Court, and the defendant filed its return to the alternative writ. The parties went to trial upon the issues of fact and law raised by the denials and allegations of the defendant's return. The court found the issues for the defendant, and rendered judgment dismissing the alternative writ. The present appeal is from that judgment.

It appears from the finding on appeal, that the defendant claimed judgment on two grounds : first, as a conclusion of law from the facts appearing in evidence, that the defendant constructed the track in question in pursuance of authority given by the approval of the plan of location, as set forth in votes of the court of common council expressing that approval; second, in view of all the facts appearing in the evidence, that the court should, in the exercise of a sound discretion, decline to issue a peremptory writ of mandamus. It further appears, that while the trial court decided both questions in favor of the defendant, it did in fact decline to issue the writ in the exercise of its discretion.

The appeal assigns error in the first conclusion of law, and correctly claims that under our former decision the city council had authority to order the removal of the track if it were in fact laid in a place not authorized by the court of common council.

It also assigns error in the exercise of discretion in refusing the writ. If the court could legally refuse a peremptory writ in the exercise of its discretion, the other errors assigned are immaterial.

The writ of peremptory mandamus is an extraordinary remedy. Like other extraordinary remedies it can be applied only under exceptional conditions, and must to a certain ex-

tent be subject to judicial discretion. *Daly* v. *Dimock*, 55 Conn. 579, 590; *Chesebro* v. *Babcock*, 59 id. 213, 217.

It appears from the finding, that the duty imposed upon the defendant by law depends upon a construction of the language used in the vote of the court of common council approving the location, which cannot be said to be free from doubt until authoritatively established; that the interest of the city in the removal of the track in question, whether pertaining to it as a private corporation or as representative of public interest (except its vital interest in the prompt obedience of this defendant corporation to its lawful orders), was not substantial. On the contrary, it appeared that the track in its present position served rather than injured the public interests; that the track was placed by the defendant in pursuance of the direction and approval of the city officials charged by law with the execution of the orders of the council in respect to highways, in the well-grounded belief that as thus placed it complied with the directions of the court of common council.

Such conditions do not necessarily exclude discretion. Certainly, extreme caution should be used in denying a writ which the court may lawfully issue, but we cannot say that in this case there has been such a plain misconception of sound discretion as would render the judgment erroneous.

Some of the other errors assigned invite question. Apparently full effect was not given to the scope of our former decision; but the errors are not material in view of the ground on which the judgment stands.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.