WILLIAM F. LAHIFF vs. THE SAINT JOSEPH'S TOTAL ABSTINENCE AND BENEVOLENT SOCIETY.

First Judicial District, Hartford, March Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A voluntary association having expelled a member in an illegal manner and at a special meeting not warned or called for that purpose, subsequently and at a regular meeting approved of the action first taken. *Held* that if the original expulsion was not binding upon the association, its subsequent action rendered it liable.

One who is illegally and summarily expelled from membership in a voluntary, unincorporated association, is not obliged to resort to a writ of mandamus for reinstatement—if, indeed, that is a permissible and available remedy—but may maintain an action against the association for damages.

In estimating the damages recoverable in such a case, the loss sustained by the plaintiff in being deprived of the use and enjoyment of the property of the association and the privileges of membership, as

well as his mental suffering caused by his illegal expulsion, may properly be considered.

The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well established limits.

Argued March 1st—decided April 15th, 1904.

ACTION to recover damages for the illegal and summary expulsion of the plaintiff from membership in the defendant society, brought to and tried by the Superior Court in Windham County, *Gager, J.;* facts found and judgment rendered for the plaintiff for $200 damages, and appeal by the defendant. *No error.*

*Henry H. Hunter* and *Samuel B. Harvey,* for the appellant (defendant).

*Charles E. Searls* and *Thomas J. Kelley,* for the appellee (plaintiff).

HALL, J. The defendant in this action is a voluntary unincorporated association, which, under § 588 of the General Statutes, may sue and be sued by its distinguishing name, and against which a suit may be brought by any individual member thereof.

The plaintiff claims damages, upon the ground that he has been unlawfully expelled from said association and deprived of all the rights and privileges incident to membership therein.

By its answer the defendant denied all the allegations of the complaint, excepting those describing the character and location of the defendant society.

It appears by the finding of facts, that at a special meeting of the society on the 1st of May, 1901, the plaintiff, who had long been a member of the society in good standing, and was then its vice-president and acting as president at said meeting, was declared expelled from the society.

It is found that the special meeting was not called for the purpose of acting upon the expulsion of the plaintiff,

that the plaintiff had no notice of such proposed action, that no charges were preferred against him, that he was given no opportunity to be heard, that the motion for his expulsion was put by a member of the society and declared carried without the noes being called for, and that the plaintiff was thereupon compelled to withdraw from the rooms of the society.

Afterwards, at a regular meeting of the society, the plaintiff demanded admission to the defendant's rooms and to the privileges of membership in the society, but was refused; and he has ever since been debarred from all the rights and privileges of membership.

In the trial court the defendant claimed, upon these facts, that the plaintiff was not entitled to recover, because he had failed to prove that the acts complained of were in violation of the constitution and by-laws of the society, and that the plaintiff could recover, if at all, only to the extent of his pecuniary loss proved.

The trial court overruled these claims and rendered judgment for the plaintiff for $200, basing said damages upon the injury sustained by the plaintiff in being deprived of his interest in the defendant's property, and of the rights and privileges of membership in the society, and upon the mental distress suffered by him " on account of the indignity put upon him." The overruling of the defendant's said claims in the trial court, and the rendering of a judgment for the plaintiff upon the facts found, are in substance the errors assigned in the appeal.

Upon this appeal the defendant abandons its claim made at the trial court, that the plaintiff was not illegally expelled, and concedes that the proceedings in the matter of expulsion were "in direct violation of law." We are now asked by the defendant to set aside the judgment of the Superior Court upon the ground, first, that the vote of expulsion at said special meeting was illegal and void, and not binding, either upon the plaintiff or the defendant society, or its absent or dissenting members, not only because of the manner in which the proceedings of that meeting were conducted,

but because no notice was given in the call for the meeting that action was proposed to be taken upon said matter of expulsion; and second, upon the ground that mandamus is the only remedy for such illegal expulsion.

Neither of these questions appears to have been so distinctly raised and decided in the trial court, nor to be so specifically stated in the reasons of appeal, as to meet the requirements of § 802 of the General Statutes and entitle the defendant to have them considered here. But waiving the irregular manner in which these claims are presented in this court, they cannot be sustained upon the facts before us.

As to the first of these claims, if we assume, for the reasons stated by the defendant, that the special meeting of May 1st, 1901, was not a lawful one for the purpose of acting upon the matter of expelling the plaintiff, and that the action taken upon that matter at such meeting was unauthorized by, and not binding upon, the defendant as an association, it still appears that the association is responsible for the illegal expulsion of the plaintiff, since the court finds that the defendant afterwards, at a regular meeting of the society, in effect approved the action of the meeting of May 1st, 1901, by refusing the plaintiff admission to its meeting, and that it has ever since debarred the plaintiff from all the rights and privileges of membership.

As to the second claim, we are not prepared to hold that a writ of mandamus to compel the association to re-admit him to membership is the plaintiff's sole remedy for the illegal expulsion complained of, nor even that it is an available remedy to the plaintiff for such injury.

The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions, and is not to be extended beyond its well-established limits. *Duane* v. *McDonald*, 41 Conn. 517, 522. It lies to compel the performance of a public duty, or one imposed by public authority and for the nonperformance of which there is no other specific or adequate remedy at law, but not for the enforcement of merely private obligations such as those

arising from contracts. *Hartford* v. *Hartford Street Ry. Co.*, 74 Conn. 194, 196; *Bassett* v. *Atwater*, 65 id. 355, 360; *Tobey* v. *Hakes*, 54 id. 274; *Parrott* v. *Bridgeport*, 44 id. 180, 182; *American Asylum* v. *Phœnix Bank*, 4 id. 172, 178. It is often an appropriate remedy for the reinstatement of a member of an incorporated benevolent or social society, who has been unlawfully and unreasonably deprived of the enjoyment of the rights and privileges of membership in such societies. 1 Morawetz on Corp. (2d Ed.) § 277; 2 Spelling on Extraordinary Rem. (2d Ed.) § 1606; *Commonwealth ex rel. Burt* v. *Union League*, 135 Pa. St. 301; and note on same case, 8 L. R. A. 195. Such associations, although private corporations, are chartered by the State, and enjoy privileges and exercise powers expressly granted by the State, and for that reason the duties devolving upon them are regarded as of a public character, the performance of which may properly be compelled by writ of mandamus. *State ex rel. Cuppel* v. *Milwaukee Chamber of Commerce*, 47 Wis. 670; *Burt* v. *Grand Lodge of Masons*, 66 Mich. 85; *Tobey* v. *Hakes*, 54 Conn. 274.

*Otto* v. *Journeymen Tailors' Union*, 75 Cal. 308, and *Von Arx* v. *San Francisco Gruetli Verein*, 113 id. 377, are cited by the defendant as cases where writs of mandamus were issued against unincorporated associations to compel the reinstatement of members wrongfully expelled. Our attention has not been called to any other authorities holding that mandamus is an appropriate remedy against unincorporated societies for the restoration of an expelled member. It seems generally to have been held that writs of mandamus will be denied in such cases. *People ex rel. Rice* v. *Board of Trade*, 80 Ill. 134; *Burt* v. *Grand Lodge of Masons*, 66 Mich. 85; *Lamphere* v. *Grand Lodge of Workmen*, 47 id. 429. But whether or not a person might be expelled from an unincorporated society under such circumstances as to warrant the granting of a writ of mandamus to compel his restoration to membership, and what effect the granting of such writ might have upon one's right to recover damages for such illegal expulsion, are questions which we are not called upon to decide

in this case. No writ of mandamus has been issued or asked for in the present case. The circumstances of his expulsion were perhaps such that the plaintiff could not thereafter have enjoyed the privileges of membership, had his reinstatement been ordered. Mandamus might for that reason have been but a partial remedy for the injury sustained by his wrongful expulsion, and an action for damages a more complete remedy.

Upon the facts before us the plaintiff had the right to abandon all claim to reinstatement in the society and resort to an action for damages for the injury sustained by reason of the illegal expulsion. *Burt* v. *Grand Lodge of Masons*, 66 Mich. 85 ; *Lamphere* v. *Grand Lodge of Workmen*, 47 id. 429 ; *Washington Beneficial Soc.* v. *Bacher*, 20 Pa. St. 425 ; *People ex rel. Deverell* v. *Musical Union*, 118 N. Y. 101; *People ex rel. Dilcher* v. *German United Church*, 53 id. 103 ; *Ludowiski* v. *Polish Benevolent Soc.*, 29 Mo. App. 337 ; *State ex rel. Koppestein* v. *Lipa*, 28 Ohio St. 665 ; *Fraternal Mystic Circle* v. *State ex rel. Fritter*, 62 id. 628 ; *Fisher* v. *Board of Trade*, 80 Ill. 85. We cannot adopt the view which seems to be expressed in *Lavalle* v. *Société St. Jean Baptiste*, 17 R. I. 680, that the bringing of an action for damages in such a case is a waiver by the plaintiff of the illegality of his expulsion. The loss sustained by the plaintiff in being deprived of the use and enjoyment of the property of the society and the privileges of membership were proper elements of damage, as was also the mental suffering of the plaintiff caused by his wrongful expulsion and the manner in which it was effected. *People ex rel. Dilcher* v. *German United Church*, 53 N. Y. 103 ; *Maisenbacker* v. *Society Concordia*, 71 Conn. 369, 376 ; *Gibney* v. *Lewis*, 68 id. 392, 396.

There is no error.

In this opinion the other judges concurred.