JOHN W. DOYLE *vs.* MICHAEL J. BURKE *et als.*

APRIL 20, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Mandamus. Unincorporated Associations.*

A petition for *mandamus* was filed against certain individuals alleged to constitute the board of directors of an unincorporated association:—

*Held*, that it was well settled that *mandamus*, in the absence of statute, would not lie against an unincorporated association; so, also, it could not against the respondents in their individual capacity where their only relation to the subject-matter grew out of their official relations as a board to the general association.

MANDAMUS. Heard on appeal from decision of Superior Court dismissing petition, and affirmed.

PARKHURST, J. John W. Doyle, the appellant, being the president of Division No. 12, Ancient Order of Hibernians, a corporation duly created by the law of this State, and located in Providence, in behalf of himself and other members of said division, filed in the Superior Court a petition addressed to that court, asking that a writ of *mandamus* be granted him, requiring the respondents Michael J. Burke, of Westerly; Terence P. Oates, of Providence; Thomas P. Murray, of Woonsocket; and Thomas J. Matthews, of Providence, State president, State vice-president, State treasurer and State secretary, respectively, composing the State board of directors of the Ancient Order of Hibernians in Rhode Island, to reinstate said Division No. 12 to full and complete standing with said State organization in Rhode Island, from which the petitioner alleged said division had been unlawfully expelled by the appellees, in consequence whereof said division and its members were deprived of what the petitioner alleged were certain rights and benefits.

Upon the hearing in the Superior Court, the testimony showed that the particular rights and benefits of which the petitioner claims to have been deprived were:

(a) Traveling card, which is a certificate of membership in a division of the Ancient Order of Hibernians, entitling the bearer thereof to enter the meetings of any other division of the order in any place in which it may be located;

(b) Transfer card, which is a medium used to transfer members from one division of the order to another.

The relator, through counsel, in open court, admitted that the general society known as the Ancient Order of Hibernians is not an incorporated body, but merely a voluntary unin-

corporated association of individuals exercising through the respondents as a State board of directors certain powers over the subordinate branches of the Order within this State by virtue of a certain constitution governing all persons within the order.

The Superior Court, upon motion of the respondents, dismissed the petition, holding that *mandamus* would not lie against an unincorporated voluntary association of individuals; and further holding that it would not lie, because there was no pecuniary interest of the petitioner involved in the matter.

From this decision the petitioner appealed, and brings the matter to this court, upon the ground that the court below erred in the statement of law above given.

(1) We find no error in the decision of the Superior Court. It is well settled that *mandamus*, in the absence of a statute, will not lie against an unincorporated association; the general rule is well stated in "Cyc." vol. 26, p. 385, as follows: "Of course, in the absence of a statute, *mandamus* will not lie against an unincorporated association as a body, for it has no legal existence as such, but any action must be against the individuals. As the privileges of membership in a voluntary unincorporated association are not conferred by the sovereign power, but are merely created by the organization itself, courts of law cannot by *mandamus* compel the admission of an applicant for membership, or interfere to restore a member who has been expelled."

There is no statute in this State which purports to give any such remedy against unincorporated associations.

Furthermore, it is to be noted, in the case at bar, that the petition is filed against certain individuals by name, alleging that they constitute a State board of directors of the general association. It is not, and can not be, claimed that *mandamus* can issue against these respondents or any of them in their individual capacity (See "Cyc." vol. 26, p. 386), for their only relation, to the matter of the complaint grew out of their official relations as a board to the general association. It is manifest, therefore, that, if the law is settled that *mandamus* will not be issued against the general association, as being an

unincorporated voluntary association, it can not be issued against these individual respondents in their capacity as a Board of Directors of such association.

The general principles of law applicable to this case are well stated in *Burt* v. *Grand Lodge of Masons*, 66 Mich. 85, at p. 87, as follows: "The only ground on which this court can interfere with organized bodies by *mandamus* in aid of a member is that, as corporations, they are subject to our judicial oversight to prevent their depriving members of corporate privileges illegally. Where such bodies are not corporations, or where the question presented does not involve tangible and valuable corporate privileges, we cannot interfere in this way. A person who is wronged, if he had a legal cause of action, may pursue it in the appropriate action for damages against the persons who wrong him, but *mandamus* cannot lie.

"With the Masonic body, as such, we have no more to do than with any other voluntary society. They may do what they please in regard to their social relations. As a body, they have no corporate existence, and no corporate liability in this State. We only know such bodies as have taken corporate powers and duties in this State, and those corporate bodies we can only consider in their corporate relations. Such purely social relations as their members possess are held, not by virtue of their corporate condition, but on other grounds." The same general principle is recognized in *Lahiff* v. *St. Joseph's T. A. & B. Soc.*, 76 Conn. 648, 652; *Lamphere* v. *United Workmen*, 47 Mich. 429, 431; *People* v. *Board of Trade* 80 Ill. 134; *Matter of Weidenfeld* v. *Keppler*, 84 App. Div. N. Y. 235, 239–240, affirmed, 176 N. Y. 562.

In the last case above cited, after an elaborate and exhaustive consideration of the authorities, the court says (84 App. Div. N. Y. pp. 239–240): "As opposed to this line of authorities, uniform in this State, the appellant presents not a single decision; and we might go further and say that, with respect to the courts of all our sister States, with the exception of California, no case is cited which will support the contention that the writ of *mandamus* has ever been allowed, as against a

voluntary unincorporated association, to restore rights of membership."

These remarks are peculiarly applicable in this case. The petitioner cites no case whatever which in any wise sustains his contentions. The only cases, which have come to the attention of this court, which at first sight seem to favor the petitioner's contention, are the two California cases referred to in *Lahiff* v. *St. Joseph T. A. & B. Soc.,* 76 *Conn.* 648, 652, viz., *Otto* v. *Journeymen Tailors' Union,* 75 Cal. 308, and *Von Arx* v. *San Francisco Gruetli Verein,* 113 Cal. 377; and in the latter of these cases it is explained, with some apparent regret, that "our code recognizes such associations" (*i. e.* voluntary associations), "and courts have felt compelled to listen, reluctantly, to complaints of their members in certain cases. This is particularly so where, as in the case at bar, ordinary *property* rights are involved." (113 Cal. 379.) As the petitioner did not cite these cases, we are led to believe that his counsel discovered that they did not apply because they are expressly dependent upon local statutes.

Inasmuch as the above considerations dispose of the case at bar, we do not find it necessary to consider whether the petitioner has shown that he has such valuable pecuniary or beneficial interest as would support the petition if it could be supported on other grounds.

The decision of the Superior Court dismissing the petition is affirmed, the appeal is dismissed, and the case is remanded to the Superior Court.

*Hugh J. Carroll,* for petitioner.
*Cooney & Cahill,* for respondents.