LOUIS FRANK v. NATIONAL ALLIANCE OF BILL POSTERS.

Submitted July 6, 1916—Decided November 9, 1916.

Courts of law will not interfere by *mandamus* to compel a voluntary unincorporated association to receive into their social relationships one who is personally disagreeable to them, whether for a good or a bad reason, when no property rights are involved.

On rule for a *mandamus*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the relator, *Thomas S. Henry.*

For the defendants, *Joseph A. Beecher.*

The opinion of the court was delivered by

SWAYZE, J.   The defendants are an unincorporated organization—a trade union.   They are not shown to have any property and the plain question is whether the court will interfere by *mandamus* to compel the other members to receive the relator as a member.   The question seems never to have been directly decided in this court.   In *Zelliff* v. *Knights of Pythias,* 53 *N. J. L.* 536, the local lodge was unincorporated, and the case turned upon the necessity of the relator seeking redress in the tribunals of the order before having recourse to the civil courts.   The suggestion of the court that after appealing to the highest tribunal within the order, he might still sue for relief and that the defendants would still be within reach of the mandatory writ, was not meant to be a decision that such writ would issue.   The only authority cited was *Sibley* v. *Carteret Club,* 40 *Id.* 295, which was a case of a corporation, not a mere unincorporated association.   The distinction between incorporated and unincorporated associations was pointed out by Vice Chancellor Emery in *O'Brien* v. *Musical Mutual P. & B. Union,* 64 *N. J. Eq.* 525 (at *p.* 532).   He cites the English cases, *Forbes* v. *Eden, L. R.,* 1 *H. L.*

*Scotch App.* 568 (*Lord Cranworth*) ; *Rigby* v. *Connol, L. R.,* 14 *Ch. Div.* 482; 49 *L. J. Ch.* 328 (*Jessel, M. R.*) ; *Baird* v. *Wells,* 44 *Ch. Div.* 661, 675; 59 *L. J. Ch.* 673 (*Stirling, J.,* appeal therefrom dismissed by consent). The reasons are well stated in the opinion by Jessel: "The courts as such never dream of enforcing what I may call personal agreements, that is, agreements strictly personal in their nature, whether they are agreements of hiring and service, whether they are agreements of master and servant, or whether they are agreements for the purpose of pleasure or for the purpose of scientific pursuits, or for the purpose of charity or philanthropy. No court of justice can interfere, so long as there is no property the right to which is taken away from the person complaining." He instances the case of a number of gentlemen meeting at each other's houses to play cards; or a number of scientific men meeting from time to time by agreement for scientific purposes. A like view was expressed by Vice Chancellor Green in *Mayer* v. *Journeymen Stonecutters' Association,* 47 *N. J. Eq.* 519, although the question there involved was different; two of the complainants who had never been members of the association sought to force an entrance with the aid of the court.

It would be quite impracticable for the courts to undertake to compel men to receive into their social relationships one who was personally disagreeable whether for a good or a bad reason. Property rights the courts can deal with; rights in an incorporated company are of that character, and the right of membership is ordinarily assignable. Voluntary associations are quite different. The courts can deal with property rights of such associations, if there are any, while they cannot by a mandatory writ intrude one man's companionship on another. The attempt to do so would be unavailing as it would lead only to the disintegration of the association. We do not mean to deny the present relator's right to recover damages if his right to labor has been illegally interfered with. *Brennan* v. *United Hatters,* 73 *N. J. L.* 729. All we now decide is that *mandamus* is not a proper remedy. The rule is discharged, with costs.