# CHARLESTON.

STATE *ex rel.* HARTIGAN *v.* MONONGALIA COUNTY MEDICAL
SOCIETY *et al.*

Submitted September 16, 1924.   Decided September 30, 1924.

MANDAMUS—*One Not Duly Elected to Membership Cannot Enforce
Restoration of Membership by Mandamus.*

> One cannot by mandamus compel a medical society to re-
> store him to membership therein, when the proof shows con-
> clusively that he was not elected to membership in the manner
> prescribed by the society's by-laws, though the president and
> secretary of the society erroneously announced his election,
> and the secretary advised him that he was elected.

> (Mandamus, 26 Cyc. p. 344.)

> NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part
> of syllabi.

Original mandamus by the State,   on   relation of J. W.
Hartigan, against the Monongalia County Medical Society
and others.

*Writ refused.*

*E. M. Everly* and *C. William Cramer,* for relator.
*Glasscock & Glasscock,* for respondents.

MILLER, JUDGE:

By his petition for a writ of mandamus relator prays to
be restored to membership in the Monongalia County Medical
Society, and to all the rights, benefits, privileges, and assets
accruing to members of said society.

The petition alleges that he is duly qualified for member-
ship in the respondent society, having been a practicing phy-
sician for more than forty years, and being a graduate of
an accredited medical college; that in order to be eligible to
membership in the National Medical Society, the applicant
must be a member of the State Medical Society, and that
membership in a county society is a prerequisite to member-
ship in the state society; that in April 1923, petitioner ap-
plied for membership in the respondent society, and with

his application handed the society's secretary the required initiation fee; that a short time thereafter he was advised by the secretary of the society that he had been elected to membership therein; that a few weeks thereafter he received from the said secretary a letter, returning to him the initiation fee paid, and advising him that at a meeting of the society, called at the petition of sixteen members thereof, a motion to rescind his election was carried. Petitioner charges that he was duly elected a member of the respondent society, and entitled to all the rights and privileges of membership therein; that the attempted recission of his election was in effect expulsion from the society without notice to him and without giving him opportunity to be heard in his own behalf; that the special meeting was irregular; that the acceptance of the initiation fee and the notification of his election constituted a contract between him and the society, by the terms of which he was entitled to all the rights and benefits accorded to members therein; ''that among the benefits and advantages of medical societies accruing to the members as set forth by the society are the following: (1) 'It keeps him in touch with medical progress:' (2) 'It gives him a larger perspective:' (3) 'It gives him a better standing with his patrons:' (4) 'It gives him a better standing with business men:'.(5) 'It gives him the support of the profession in everything honorable;' that the knowledge and information which a member of the said medical societies acquires from association, discussion, lectures, reports, etc., at meetings of said societies can not be acquired to the same extent in any other way; and that these defendants wrongfully, unjustly and without due process of law deprive this petitioner of the opportunity to acquire knowledge, skill, ability and increased professional earning powers afforded to members of said medical societies.'' And it is further alleged that by wrongfully expelling him from the society the defendants are damaging his professional reputation and standing as a physician and surgeon, and are thus decreasing his earning power in the practice of his profession.

Respondents admit that petitioner is a qualified physician; that he made application to the society for membership;

and that he was notified by the secretary that he had been elected to membership, and afterwards advised, after the special meeting of May 15th, that his election had been rescinded and his application not accepted. Respondents aver that the by-laws of the society provide that election to membership therein shall be by four-fifths of the votes of the members present at the meeting; that at the meeting held on the 1st day of May, eighteen members were present; that at least six votes were cast against the admission of petitioner to membership; that the special meeting of May 15th was called pursuant to the by-laws of the society, by the president, at the written request of sixteen members; that at the special meeting eighteen members were present, five constituting a quorum, and that it developed at that time that at least six members had voted against the admission of petitioner into the society at the previous meeeting; that petitioner was not a subscriber to the constitution and by-laws of the society, as all members are required to be; and that, therefore, he never was a member of the society, and never entitled to any of the rights and benefits pertaining to membership therein. It is specifically alleged that petitioner was not duly elected to membership in the society, and that he was not entitled to notice of the special meeting of May 15th, because he had not been invested with any rights in the society. .

There is no replication to the answer and return. Petitioner simply demurred thereto. No proof is offered by the relator. The respondents offer to support their answer and return, nine affidavits. One affiant says he did not vote on petitioner's application for membership. Six of the affiants say they were present at the meeting at which petitioner's application was voted upon, that each cast a written ballot in the negative, that they were surprised when the announcement of petitioner's election was made, and that they did not know at the time how many members had voted in the negative, and were, therefore, not in a position to raise the question as to the correctness of the decision of the president in announcing the result of the ballot. The secretary, by his affidavit, swears that he did not ascertain how many votes were

cast for the admission of petitioner and how many against, and that he was misled and mistaken when he notified relator that he had been elected to membership. The president swears that when he announced the election of petitioner to membership, he did so erroneously and without taking time to determine whether four-fifths of the membership present had voted for the admission of respondent as a member of the society.

Only such portions of the by-laws of the society as are set out in the answer and return, above mentioned, are in any way made a part of the record. The minutes of neither of the two meetings are exhibited. But it is averred that petitioner was not elected to membership in the society in the manner provided by the by-laws thereof; and that the special meeting was duly and regularly held.

Counsel for petitioner, in their briefs, assume that he was duly elected, and that he was afterwards expelled without notice to him. All of the authorities cited and relied on are cases where regular members of the associations were expelled, in some cases without notice. And it has been held that a corporation or voluntary association may be compelled by mandamus to reinstate to membership one who has been expelled therefrom in an irregular manner, especially where he has been deprived thereby of some property right, though some courts have refused to exercise jurisdiction to control the internal affairs of voluntary associations. We do not deem it necessary to cite the cases so holding, or to make further mention of the proposition advanced, for the reason that the real question in issue here is whether or not the petitioner was elected to membership in the respondent society.

Relator alleges that he was elected; that he was notified of his election; and that he handed to the secretary of the society with his application the required initiation fee. He shows no other facts from which it could be inferred that he was elected to membership. The answer and return specifically denies such election, and sets out facts in support of respondents' position. Petitioner has not replied or called for proof; but respondents have offered evidence in proof of

the facts set out in their answer and return in answer to the allegations of the petition. On demurrer to the answer and return, we think it sufficient to defeat petitioner's case. The only evidence of his election relied on by petitioner is that he was so notified by the secretary of the society; and the secretary, as well as the president and six other members of the society, swear that the secretary was in error when he advised relator of his election. As soon as the error was discovered, the society, at least sixteen members thereof, proceeded to correct the mistake made by its secretary and president, by calling for a special meeting. Whatever may have been the procedure at the special meeting, if that is material in the determination of the questions raised, the election was found to have been irregular; and the statement of the secretary that the society voted to reconsider its, former action and to rescind the election, in view of the facts and circumstances disclosed, did not amount to an admission that petitioner had been regularly elected; but that was probably the particular method pursued to correct the mistake made by the president and secretary at the former meeting.

Relator advances the proposition that the society is bound by the representation of its secretary, on the theory of agency; that it is bound by the acts of its agent acting within the scope of his authority. There is no allegation of agency, nor facts pleaded to support the present contention of counsel. Relator simply says that he was advised of his election by the secretary. What is the scope of the authority of the secretary of a medical society? While the pleadings do not disclose whether the society is a corporation or a voluntary association, the briefs of counsel for both parties proceed on the theory that it is a voluntary association, and we assume that it is conceded that such is the fact. Such associations not being a legal entity, the authority of its officers is necessarily limited, and is generally determinable from its articles of association or constitution, and its by-laws. 5 C. J. 1349. See, also, 25 Am. & Eng. Enc. Law. 1139; 5 R. C. L. 65; 1 Mechem on Agency, secs. 187; 1389. Besides, it would be unreasonable to contend that the secretary of a society could bind the other members thereof to receive into

the society any person he might inform of election therein. We do not think respondent could have been misled to such an extent by the secretary's act.

We are of opinion that petitioner has not been deprived of any vested rights by the respondent's acts complained of. The writ prayed for will, therefore, be denied.

*Writ refused.*