RAYMOND BAILEY *v.* A. L. COLEMAN

(No. 9196)

Submitted September 23, 1941. Decided October 7, 1941.

*Ira P. Hager,* for plaintiff in error.
*Bland & Joyce,* for defendant in error.

ROSE, JUDGE:

This case is here upon a writ of error awarded A. L. Coleman to an order of the Circuit Court of Logan County directing a peremptory writ of mandamus to issue against him upon the relation of Raymond Bailey.

The parties to this proceeding are members of a voluntary association, called in the record the "Burial Fund" which consists of the members of the local miners' union at Lorado in Logan County, numbering about six hundred. Monthly dues are paid into this fund, in consideration of which certain specified cash benefits are to be paid upon the death of a member or one of his properly registered dependents. Claims for such benefits are acted upon by the association, and when allowed, orders on the treasurer for the amount thereof must be drawn and signed by the president and secretary of the association. The plaintiff in error was the president of the association.

The relator's petition alleges that his father-in-law, who was one of his dependents, having died, he made claim to the association for the sum of $225.00, the amount to which a member was entitled upon the death of such a dependent, and that the claim was allowed by the association in meeting assembled, whereupon, a proper order on the treasurer was prepared and signed by the secretary, but that the plaintiff in error, Coleman, as president thereof, refused to sign the order.

By way of return and answer to the alternative writ issued on the petition, Coleman sets up two alleged defenses: (1) That the decedent, although a dependent of the relator, was not "registered" as required by the bylaws as a prerequisite to the payment of benefits; and, (2) that although the claim was allowed as by the petition

shown, yet this allowance had been, by the action of the association at a meeting held subsequent to the commencement of the mandamus proceeding, rescinded.

A demurrer to this return and answer was sustained, and the peremptory writ awarded, commanding Coleman to sign the order in question. This writ of error ensued.

In the view we take of this case, the questions raised by the pleadings and argued in the briefs of counsel are not reached.

It is the rule that mandamus does not lie against an officer of a mere voluntary association. "And, although the rule does not find universal support, it is generally recognized that mandamus will not lie against the association or its officers, and will not be awarded to regulate the internal affairs of the association or to review the decisions of its self-created tribunal, at least not in the absence of statutory authorization." 34 Am. Jur., Mandamus, sec. 93, page 881. "While there is some authority to the contrary, in the absence of statute, it is very generally held that mandamus does not lie to regulate the affairs of unincorporated societies or associations, at least, unless they have refused to discharge a statutory duty." 38 C. J., sec. 520, page 824. "It is the acceptance of the charter which subjects the corporation to the supervision of the proper legal authorities; consequently the court will not attempt, by the writ of mandamus, to regulate the affairs of unincorporated societies or associations." Merrill on Mandamus, sec. 157. "Nor is the remedy (mandamus) appropriate to command the performance of a duty at the hands of one who does not occupy an official or quasi-official relation,* * *." High's Extraordinary Legal Remedies (3rd Ed.), section 25.

The foreign cases referred to in the above quotations as exceptions to the general rule have been examined. They do not seem to be of sufficient number or weight to make the general rule questionable.

From this jurisdiction, the case of *Hundley* v. *Goodwyn,* 83 W. Va. 255, 98 S. E. 577, is cited as justifying the use of the writ in this case. In that case, this Court awarded a

peremptory writ of mandamus against a former grand master of the Grand Lodge of Colored Masons of West Virginia, requiring him to deliver the books, records and insignia of his office to a successor, who was found to have been duly elected. But in the opinion is found this sentence: "The Grand Lodge instituted and conducted by the colored Masons of this state is a chartered body, as the relators and respondents both concede,* * *." The awarding of a peremptory writ against an officer of a corporation in that case is, therefore, no authority for the awarding of a writ in this case against an officer of a mere voluntary association. A case much more nearly parallel to the one at bar is *Hartigan* v. *Monongalia County Medical Society,* 97 W. Va. 273, 124 S. E. 826, 828, in which the relator sought a writ of mandamus from this Court to compel his restoration to membership in the Medical Society. The society appears to have been a voluntary association. The opinion says: "While the pleadings do not disclose whether the society is a corporation or a voluntary association, the briefs of counsel for both parties proceed on the theory that it is a voluntary association, and we assume that it is conceded that such is the fact." The peremptory writ was refused, but wholly on factual grounds. There is no discussion in the opinion by Judge Miller of the question whether the writ might properly lie in such a case.

The decision in the *Hartigan* case may imply that the court took for granted that mandamus could be invoked against a voluntary association or its officers. But even if such an inference is deducible from that decision and opinion, the action of the court was without precedent or affirmance in this state, and has only negligible support from other jurisdictions. "Except in a few decisions which have reached a contrary conclusion, inasmuch as the privileges of membership in a voluntary unincorporated association are not conferred by the sovereign power, but are merely created by the organization itself, and therefore within the rule above stated, mandamus will not lie to compel the admission of an applicant for membership * * *." 38 C. J., sec. 520, page 825. Accord-

ingly, we decline to consider the *Hartigan* case a sufficient precedent to require this Court to align itself against the overwhelming weight of authority on the question whether mandamus can be sustained in the case at bar.

The origin, history and character of the writ of mandamus cannot sustain its availability in the present case. Originally, the writ proceeded only from the Crown to a public official, at the sovereign's will. "The writ of mandamus was issued as early as the fourteenth and fifteenth centuries. Then it was a mere letter missive from the sovereign power, commanding the party to whom it was addressed to perform a particular act or duty." Merrill on Mandamus, section 2. But it is no longer a "prerogative" writ, but a writ of right. "In this country, although sometimes still referred to as a high prerogative writ, and although it still retains its prerogative character when used in matters relating to the public, it is not now regarded as such, but is generally viewed as nothing more than an ordinary action or proceeding at law between the parties in which the performance of a specific duty is sought to be enforced, or as an ordinary process in cases to which it is applicable." 34 Am. Jur., Mandamus, sec. 5, page 811. And though originally applicable only to public officers, the use of the writ has been universally extended to the officers of corporations, public and private. This extension of the use of the writ of mandamus is based entirely on the fact that these legal entities exist solely by act of the state, and that their officers, therefore, are quasi-public officers. 38 C. J., page 786; *State* v. *Brast,* 98 W. Va. 596, 127 S. E. 507; *Cross* v. *W. Va. Cent. & Pa. R. Co.,* 35 W. Va. 174, 12 S. E. 1071; *Richmond Ry., etc. Co.* v. *Brown,* 97 Va. 26, 32 S. E. 775; *Union Pac. R. Co.* v. *Hall,* 91 U. S. 343, 23 L. Ed. 428. "The writ of mandamus lies to private corporations. This may be considered to be an exception to the general rule, that this writ only runs to public officers. However, such jurisdiction is well established, and the reason given is that such corporations are the creation of the government, and that a supervisory or visitorial power is always impliedly reserved

to see that corporations act agreeably to the end of their institution, that they keep within the limits of their lawful powers, and to correct and punish abuses of their franchises." Merrill on Mandamus, section 157.

But mandamus is still an "extraordinary writ," not only by universal practice, but also by the classification of our statute. See Chapter 53, Code. It cannot be substituted for ordinary legal remedies, but is of strictly limited availability. *Payne* v. *Staunton,* 55 W. Va. 202, 46 S. E. 927, 2 Ann. Cas. 74, *Page* v. *Clopton,* 30 Gratt. 415; Merrill on Mandamus, section 51.

The writ does not lie in case of a controversy between two natural individuals, nor in a matter growing out of a partnership, and hence not in controversies among members of "officers" of a voluntary 'association, which is merely a group of individuals, with no public rights, authority or obligations. The rights and duties of the members, *inter sese,* are based wholly on contract, to-wit, the articles of association and by-laws. There is, therefore, involved no element or principle upon which the writ of mandamus can be based. 38 C. J. 824, citing *State* v. *Cummins,* 171 Ind. 112, 85 N. E. 359, 36 L. R. A. (N. S.) 945; *Mason* v. *Byrley* (Ky.), 84 S. W. 767; *Schneider* v. *Local Union No. 60,* 116 La. 270, 40 S. 700, 5 L. R. A. (N. S.) 891, 114 Am. St. Rep. 549, 7 Ann. Cas. 868; *Burt* v. *Grand Lodge F. & A. M.,* 66 Mich. 85, 33 N. W. 13; *State* v. *Cook,* 119 Minn. 407, 138 N. W. 432, Ann. Cas. 1914B, 88; *Froelich* v. *Musicians Mut. Ben. Assoc.,* 93 Mo. App. 383; *Frank* v. *Bill Posters Nat. Alliance,* 89 N. J. L. 390, 99 A. 134; *People* v. *Brotherhood of Painters, etc.,* 218 N. Y. 115, 112 N. E. 752; *Jinkins* v. *Carraway,* 187 N. C. 405, 121 S. E. 657; *Doyle* v. *Burke,* 29 R. I. 123, 69 A. 362, 16 Ann. Cas. 1245. The only cases cited contra are: *Otto* v. *San Francisco Journeymen Tailors' Protective, etc., Union,* 75 Cal. 308, 17 P. 217, 7 Am. St. Rep. 156, and *Dingwall* v. *Amalgamated Assoc., etc.,* 4 Cal. App. 565, 88 P. 597. In these cases, the court merely awarded mandamus without discussion of the writ's availability, or citation of authority for its proposed use. Their persuasive force, therefore, is negligible.

The order of the Circuit Court of Logan County awarding the peremptory writ of mandamus, to which this writ of error was granted, will, therefore, be reversed, and the proceeding dismissed here with costs to the plaintiff in error.

*Reversed and dismissed.*