BARNEY FARRELL *vs.* JAMES KING.

A peremptory writ of mandamus runs only against the officer who is to do the particular official act commanded.

A mandamus was prayed for to compel the clerk of the common council of a city to amend his record, so that it would show the appointment of the plaintiff by the council as policeman in the place of one *A.* Held that neither *A*, nor the city, were necessary or proper parties to the petition.

The fact that the amendment of the record would prepare the way for the plaintiff to displace *A* as a policeman, or for him to make the city chargeable for his services if he should assume the office, held not to affect the case.

APPLICATION for a mandamus, to compel the respondent, a clerk of the common council of the city of Bridgeport, to amend a certain record made by him; brought to the Court of Common Pleas of Fairfield County.

The application alleged that the petitioner, on the 24th day of May, 1873, was a policeman of the city of Bridgeport; that on said day the board of police commissioners of said city, in the discharge of their duties, nominated William Anderson of said city as a policeman in the place of the petitioner, and made report thereof with other nominations by them made to the common council of said city, at their meeting on the 26th day of May, 1873; that upon the presentation of said report, and before action thereon, the petitioner was proposed in said meeting as a substitute to take the place of said Anderson; that on said 26th day of May, James King was the clerk of said council, and it was his duty as such clerk to make a true record of all the proceedings and votes of said council at their said meeting; that the record of said proceedings and votes made and kept by said clerk was not a true record thereof, but was incorrect and untruthful, and especially in this, that while in said record the name of the petitioner should have appeared as a substitute to take the place of said Anderson, it appeared and was by said clerk untruthfully recorded, "Barney Farrell to take the place of H. L. Sturdevant"; that afterwards said council voted that said record be so amended that the part thereof, "Barney Farrell to take the place of H. L. Sturdevant," should read, "Barney Farrell to take the place of William

Farrell *v.* King.

Anderson," and directed said clerk to erase the name of H. L. Sturdevant from said record where the same appeared as aforesaid and substitute therefor the name of William Anderson; yet that said clerk, although his record was untrue as aforesaid, had neglected and refused and still neglected and refused to amend the same, wilfully and without any reason or excuse therefor; and praying that a writ of mandamus might issue, enjoining and requiring said clerk to amend said record as above.

The said James King was made the sole respondent to the application.

The respondent denied the allegations of the petition with respect to the incorrectness of the record already made, and further claimed that the said William Anderson and the city of Bridgeport should have been made parties respondent, the former by reason of his possession of the office claimed by the petitioner, and the latter by reason of the fact that the city, if the petitioner should obtain a final decree in his favor, would be liable to him in a large sum for his salary from the time of his alleged appointment, which sum the respondent averred would be more than six hundred dollars.

And the respondent further claimed that, by reason of the amount involved in the suit, namely, the salary to be paid by the city if the petitioner obtained the office, the case was beyond the jurisdiction of the court of Common Pleas.

The court (*Brewster, J.,*) held that it had jurisdiction, and, upon a finding of the facts, ordered " that a peremptory writ of mandamus issue to the respondent, commanding him to amend his record as follows, namely, so that that portion of the records of the meeting of the council of May 26, 1873, which precedes the words ' on motion of alderman Kiefer the report, &c.,' and which now reads ' Barney Farrell to take the place of H. L. Sturdevant,' shall read as follows : ' Barney Farrell to take the place of William Anderson.' "

The respondent brought the record before this court by a motion in error, assigning as error, that the court erred in deciding—1st, that the city of Bridgeport ought not to have been made a party respondent; 2d, that William

Anderson ought not to have been made a party respondent; 3d, that the court had jurisdiction of the petition.

*Seeley*, for the plaintiff in error.

1. The city of Bridgeport should have been made a party. The petitioner proposes, as soon as he has amended the record to suit his claim, to sue the city for his salary. He must necessarily found his right to recover against the city upon a valid and binding contract with the city as evidenced by the record of the city itself, as it will show when amended as prayed for. City Charter, sec. 20. Is the city to be made liable by the interpolation into its own record of a valid contract, where none now exists, without having the right to be heard upon the question whether the claimed contract was in fact ever made? And suppose the amendment to have been made, cannot the city bring its mandamus against the clerk and have the record corrected again so that it shall stand as originally made? The writ of mandamus is the counterpart of the writ of injunction. The one commands what shall be done, the other commands what shall not be done. Both would be great engines of injustice unless those whose rights are to be affected are made parties and thus enabled to be heard. *Samis* v. *King*, 40 Conn., 298; *New London* v. *Brainard*, 22 id., 552; *Allen* v. *Turner*, 11 Gray, 436.

2. Anderson should have been made a party. It is proposed to dismiss him from his office and substitute Farrell in his place by means of this amendment, without his having an opportunity to show that the record, as it stands, is the true one.

3. The Court of Common Pleas had no jurisdiction, the matter in demand being over $500. The evidence shows that there is, if this amendment is made, due the petitioner from the city for eight months services, from July 1st to February 1st, 1874, at $85 per month, the sum of, at least, $680. What is "the debt, damage or *matter* in demand" here? The "*matter*" is, the placing upon the city record a contract which shall import verity against the city, and by

which the petitioner may demand and recover, at least, $680, and, in fact, very much more. The court will look through the immediate form of the action, and see what the "matter" in demand, in truth, is.

*Sanford* and *Bullock*, for the defendant in error.

PARDEE, J. The respondent contends that the writ of mandamus should not have been issued in this case for the reason that the city of Bridgeport and William Anderson are not made parties respondent to the petition, claiming that the effect of it would be to interpolate into the records of the city a valid contract where none now exists and to dismiss Anderson from an office and place Farrell therein.

For the purposes of this case it is a sufficiently comprehensive and accurate definition of the office of the writ of mandamus, to say that it lies to compel the respondent King, a public ministerial officer, to correct an inaccurate record of the proceedings of the court of common council of the city of Bridgeport, made by him in his official capacity, upon the petition of a person directly and specially interested in having the record speak the truth.

The petition in this case asks one thing only, namely, that the respondent may be compelled to do that which the law specially enjoins upon him as a duty resulting from his office, and concerning which he has no discretionary power. The peremptory writ commands only that he shall do that act; it does not assume to determine, it does not even concern itself with, any questions as to rights under contracts as between the city of Bridgeport and the petitioner; it does not undertake to look into the future and declare who will be compelled to pay or who will be entitled to receive money after the record is corrected.

Although the amended record which the writ commands King to make may furnish thereafter important and even indispensable aid to the petitioner if he shall determine to resort to legal proceedings to establish the relation of debtor and creditor between the city and himself, that relation is not established by this mandate.

Again, the petitioner does not ask to be admitted to an office; he does not ask that Anderson shall be ejected from one. The writ does not, and does not assume the power to effect either of these objects; it is obeyed and satisfied when the record is made truthful; and although, this being done, the petitioner may derive aid therefrom in support of a quo warranto, if he should thereafter choose to perfect any inchoate right which he may have to actual possession and enjoyment of an office now exercised by another, the removal of Anderson is not effected by this writ.

This possibility that the petitioner can use the amended record as a piece of evidence in future proceedings against the city or against Anderson, neither compels him to make them, nor entitles them to be made, respondents in a petition which asks only that a public officer may be ordered to perform a plain requirement of law; to perform an act pertaining to his office, which it was his duty to perform irrespective of any question of right between the petitioner and the city or Anderson, and in which the single issue made and determined is as to the truth or untruth of the record as it now stands.

In *Ellis* v. *County Commissioners of Bristol*, 2 Gray, 370, the respondents were compelled by mandamus to certify that the petitioner had a majority of votes for the office of county treasurer, although another person had been by them declared elected to and was in possession of the same office, the latter not being a respondent.

In *Roberts* v. *Rives*, 27 Illinois, 242, the respondent, a clerk of a county court, was compelled to certify to the election of the petitioner to the office of justice of the peace, although he had before given a certificate of election to another who was in possession of the office; the latter not being a respondent. *People* v. *Matteson*, 17 Illinois, 167; *People.* v. *Hilliard*, 29 id., 419; *Brown* v. *O'Brien*, 2 Indiana, 423; *Rex* v. *Harris*, 3 Burrow, 1421.

In *Strong's case*, Kirby, 345, a town clerk was ordered to record a deed which had remained in his hands unrecorded for the period of one year. He was sole respondent; and

yet it is possible to conceive that the rights of other persons may have been affected by the action of the court.

In *Smith* v. *Moore*, 38 Conn., 105, the Superior Court ordered the respondent, a justice of the peace, to correct his record of a judgment rendered by him upon the petition of one party thereto, the other not being a respondent; and yet the amended record might directly affect the pecuniary interests of the latter.

It is not alleged in the petition or in the answer that Anderson was charged with any duty in connection with the record in question; nor that he had any right to make it in the first instance, or to add to, or take from, or change it afterwards. He does not in any sense share with King the official burden of keeping true records; and if the petitioner had originally made him respondent, upon the finding of the court below, it would have been an act of judicial tyranny to subject him to a peremptory order to correct an error for which he is not responsible.

It is a fundamental principle that the peremptory writ should run singly to the person whose duty it is to perform the act required. When the purpose is to secure the performance of an official duty by a public officer it should be addressed to him in his official capacity; and if the application for the mandamus is against two jointly, and it cannot be sustained as to one of them, it necessarily fails as to both. *People* v. *Yates*, 40 Illinois, 126.

Inasmuch as upon the finding in this case no mandamus could be issued against Anderson jointly with King, for the reason suggested above, under this rule of law, this petition must always fail whenever Anderson is made a party respondent, either originally by the petitioner or subsequently upon his own motion, and similar suggestions may be made in reference to the corporation of Bridgeport.

What we have said as to the nature of the issue raised and determined in this proceeding disposes of the objection to the jurisdiction of the Court of Common Pleas.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.