STATE OF CONNECTICUT EX REL.
EDNA A. GODCHER ET AL.
*vs.*
VINCENT J. WOLLSCHLAGER ET ÁLS.

Superior Court        New Haven County        File No. 60229

MEMORANDUM FILED MARCH 13, 1941.

*Dennis T. O'Brien, Jr.,* of Meriden, for the Plaintiffs.

*Carl H. Mueller,* and *Francis R. Danaher,* of Meriden, for the Defendants.

SIMPSON, J. It appears in the petition in this case that the defendants constituted the board of compensation of the City of Meriden, and that on or about May 1, 1938, the court of common council of the City of Meriden duly established lines and grades on Central Avenue in the same city, and in accordance with charter provisions, duly referred to the said board of compensation the appraisal of damages and assessment of benefits resulting from the establishment of such lines and grades. The board, after hearings, reported to the common council that it found damages and benefits equal. The court of common council adopted the report of the board on September 6, 1938.

The relators claim that the board did not comply with the charter provisions, in that it did not list the names of each property owner, and appraise the damages and benefits as to each owner, and now seeks a peremptory writ of mandamus to compel the board to do so.

While mandamus is classed as a legal remedy, it is a remedial process which is awarded, not as a matter of right, but in the exercise of sound judicial discretion and upon equitable principles. *Duncan Townsite Co. vs Lane*, 245 U.S. 308. Mandamus being an extraordinary remedy is to be applied only under exceptional circumstances, and its issuance must to some extent be subject to judicial discretion. *Hartford vs. Hartford Street Ry. Co.*, 74 Conn. 194. The court may, in the exercise of its discretion, deny an application for mandamus after an unreasonable delay (*United States ex rel. Arant vs. Lane*, 249 U.S. 367; *Preston vs. City of Chicago*, 246 Ill. 26; *Hill vs. Mayor of Boston*, 193 Mass. 569, 574), especially where the delay has resulted prejudicially to the rights of respondent or other interested parties. *Duke vs. Turner*, 204 U.S. 623; *Coot vs. Willett*, 93 Mich. 304. "Generally, mandamus will not issue where the rights of third persons who are not before the court are necessarily involved or will be affected injuriously." *Stabler vs. Porter*, 72 Mont. 62, 66. See, also, 38 C.J. *Mandamus* §532, and cases cited.

It appears, as stated by the above, that the compensation board made its report to the common council of the City of Meriden on or about September 6, 1938. The return alleges, among other matters, that the "claimants made no demand upon the Board of Compensation or upon the Common Council nor upon any official of the City of Meriden until the .... day of December, 1940", and demand was then made and the present action instituted solely for the purpose of evading the terms of the charter limiting claimants to a right of appeal to 30 days from the acceptance of the report of the board of compensation.

The petitioners demur to this part of the return, alleging that the action of the board was void and not an administrative error and that they were under no obligation of appeal from the appraisement as made.

While an appeal might not have been effective (*Bishop vs. Meriden*, 114 Conn. 483), and while a petition for a mandamus, if seasonably made, might have been granted, the part of the return referred to above fairly raises the questions whether the petitioners are now acting in good faith, and whether or not they have been guilty of unreasonable delay. These questions cannot be decided upon the demurrer. The court, upon trial, might come to the conclusion that the peti-

tioners have not acted within a reasonable time and that the city has been prejudiced thereby, and also that it would injuriously affect the other property owners on Central Avenue to reopen the assessment of damages and benefits at this time.

In view of this situation, the demurrer being to the entire return, will have to be overruled, and it will not be necessary to consider the other grounds of demurrer.

The demurrer is overruled.