The office of a demurrer serves the purpose of admitting facts well pleaded. Hardy vs. Scott,127 Conn. 722, 723; State's Attorney vs. Selectmen of Branford,59 id. 402, 411. For the purposes of the interposed demurrer the following facts in abbreviated form are admitted: (1) On November 9, 1934, in accordance with law, a detective bureau was established within the Police Department of the City of Torrington and plaintiff, then a police sergeant, was assigned to duty therein; (2) on August 28, 1939, defendant board under the authority conferred upon it by law passed a vote promoting plaintiff to lieutenant and gave him a badge indicating his office as detective lieutenant and continued to recognize him as a member of the detective bureau until recent date; (3) on May 2, 1944, defendant board passed a vote ordering the transfer of plaintiff from the detective bureau to one of *Page 72 
the regular shifts for police work as a lieutenant; (4) the foregoing order of transfer of plaintiff was voted by defendant board although no written charges were preferred against him, no hearing accorded him, and without cause; (5) the action of defendant board amounted to a reduction in rank and demotion of plaintiff, the abolishment of an office during the incumbency of an appointee and without a hearing thereon in accordance with the charter provisions of the City of Torrington; (6) on May 9, 1944, plaintiff purported to appeal from the action of defendant board to the Superior Court of this County in the manner provided by special act creating defendant board as set forth in the Connecticut Special Laws of 1935, No. 337, p. 196 (amendatory of the City Charter); (7) the appeal was taken within the time limited by law but through inadvertence of counsel was taken to the Superior Court rather than to the Court of Common Pleas as presently provided by section 810f of the 1941 Supplement to the General Statutes; (8) thereafter the Superior Court granted the motion of defendant board to erase for want of jurisdiction and denied plaintiff's motion to transfer the cause to this court; (9) neither plaintiff nor his counsel were aware of the mistake within the time provided by law (Special Laws of 1935, supra — not more than ten days) for taking an appeal from the action of defendant board of May 2, 1944, to the proper court; (10) that he is without an adequate remedy at law.
The complaint concludes with prayers for a temporary injunction restraining the defendant board from transferring plaintiff out of the detective bureau to one of the regular shifts for police work, and from abolishing the office of detective lieutenant; a permanent injunction to the same effect; and such other relief as to equity and justice may pertain.
The demurrer of defendant board is set out in nine paragraphs. Actually the demurrer is based on three grounds: (1) negligence of plaintiff's counsel in taking the appeal in the first instance to the Superior Court rather than to the Court of Common Pleas; (2) plaintiff seeks to resort to equity when his only remedy is a statutory appeal and not otherwise; (3) plaintiff in any event had an adequate remedy at law following the denial of his motion to transfer by the Superior Court.
The court is of the opinion that the foregoing grounds, individually and collectively, are not tenable in this action for equitable relief. *Page 73 
Defendant board argues on the basis of Jarvis vs. Martin,77 Conn. 19, 21, that equity is without power to help where there is present the element of negligence or inattention of counsel. The specific quotation from the Jarvis case on this aspect appears in the recent case of Palverari vs. Finta,129 Conn. 38, 43; but note Day vs. Welles (1863), 31 id. 344, considered by the Supreme Court in the Palverari case (pages43-44), where the point was raised by a demurrer to a bill in equity and a different result obtained on facts not too dissimilar to those of the case at bar (a new rule of practice somewhat analogous to the now statutory change of appeals from municipal boards to the Court of Common Pleas instead of to the Superior Court as of old).
Moreover, defendant board is not correct when it argues in effect that the exclusive remedy provided plaintiff was the statutory appeal from the board's action of May 2, 1944. "The purpose of the appeal [under the statute] is to provide a summary process by which the court may revoke the order of removal in case any essential formality has been omitted, or, perhaps, in case it finds that the executive power has been exercised so arbitrarily as to defeat the real purpose of the law in modifying an absolute discretion in removal." Sullivanvs. Martin, 81 Conn. 585, 591, and cases there cited. The adjective "summary", as applied to process, can only mean immediate, instantaneous, in contradistinction from that which is in the ordinary course. See 40 Words and Phrases (perm. ed.), p. 728. In short, cases of this general character have come before the trial courts on mandamus and quo warranto as well as by a statutory appeal provided by a municipal charter. See collection of various cases in Olcott vs. Pendleton,9 Conn. Sup. 528, 535. Here plaintiff cannot resort to mandamus because up to the present time he has not been removed from his duties as a detective lieutenant but is threatened to be so removed by reason of the board's action of May 2, 1944; neither can he resort to quo warranto because no one else is presently occupying his position under color of right. SeeState ex rel. Comstock vs. Hempstead, 83 Conn. 554, 556-559.
It may well be that plaintiff could have taken an appeal to the Supreme Court from the action of the Superior Court in erasing his improper appeal to that court in the first instance and in denying his motion to transfer the cause to this court to which it should have been brought under the 1941 amendment *Page 74 
(Sup. [1941] § 810f). However, such an appeal to the Supreme Court might have been futile and accomplish nothing at the expense of loss of time. To rule that the right of appeal to the Supreme Court from the action of the Superior Court would constitute an adequate remedy at law under the circumstances would be based necessarily on the proposition that such appeal in all probability would meet with success. That indeed would be rash speculation for no one can truly say what any appellate court may or may not do in advance of its handing down a formal opinion. Also, as noted previously, the appeal to the trial court provided by statute is not exclusive; it is only an expeditious method designed to get before the trial court the merits of the claimed grievance. In the case at bar time has run against plaintiff bringing a new action under the statute in this court.
One further observation is warranted. The trial court inOlcott vs. Pendleton, supra, saw fit to dissolve a temporary injunction restraining a municipal board of finance from holding a hearing for the purpose of considering the dismissal of the town manager. The action of the trial court was upon the broad ground that equity is without jurisdiction to enjoin the appointment or removal of public officers. The memorandum of decision is lengthy. Had defendant's counsel come across this writing in his researches he doubtless would have tried to invoke its import. That case and this are not parallel in many essential particulars. In erasing the plaintiff's appeal (128 Conn. 292) the Supreme Court (p. 296) pointed out that plaintiff under the circumstances of the case might seek again a temporary injunction "to preserve the status quo until the rights of the parties can be finally determined." So in the case at bar it is deemed fitting that the rights of the parties be fully determined on the merits rather than on a demurrer as is the situation at present. Plaintiff is clearly entitled to a temporary injunction forthwith (Deming vs. Bradstreet,85 Conn. 650, 659); but a hearing on the merits following the closing of pleadings could be arranged almost at once if counsel are so disposed. This course, if adopted, would make unnecessary the entering of a formal order in the event a question should arise respecting the scope of a certain stipulation now on file.
To William A. Bree, Clerk of the Superior Court at New Haven, I am indebted for the opportunity of examining the file *Page 75 
in the mandamus action of State exe rel. Doherty vs. NeuHaven (No. 24395) which went to judgment in that court on July 16, 1926. The memorandum of decision of Judge Ells, then on the Superior Court Bench, has been most helpful. The trial court concluded therein that although the Board of Police Commissioners acted in good faith in demoting the relator from the position of a police sergeant to that of a Grade A patrolman — to economize and retrench — it did not go about this undertaking in the correct way under the city charter.
Whether or not plaintiff in the case at bar will in fact suffer a demotion by the transfer voted on May 2, 1944, and whether the office of detective lieutenant is being abolished, are some of the many aspects that can only be determined at a hearing on the merits. "A demurrer admits facts that are well pleaded in that it does not deny them, yet the admissions can be used only for the purposes of the argument on the demurrer."State's Attorney vs. Selectmen of Branford, 59 Conn. 402,411.
Counsel should make an effort to have the matter heard on the merits at the earliest possible time. The court will cooperate if and when pleadings are closed.
 For reasons stated the demurrer is overruled