STATE'S ATTORNEY EX REL. JOHN E. TOOHEY v. WILLIAM J. COX, HIGHWAY COMMISSIONER

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 77374

Memorandum filed November 26, 1946.

John J. Bracken and Donald Ruffkess, both of Hartford for the Plaintiff.

Hon. William L. Hadden, Attorney General, for the Defendant.

.· INGLIS, J. It is alleged in the application for the writ of mandamus in this case that, prior to August 2, 1942, the relator was employed as administrative assistant in charge of personnel, Unit 26, in the state highway department and, as such, was in the clasified service of the state; that on that date he entered the armed services of the United States; that, after his return from the armed services, he applied for reinstatement in that position pursuant to General Statutes, Sup. 1943, § 40g; that he was reinstated but that within three weeks thereafter he was demoted to the position of office appliance supervisor in charge of map files and blue prints; and that the respondent failed to give notice of his intention to make that demotion to the personnel director. He claims that the demotion was an evasion of the provisions of § 40g and was illegal.

The motion to quash is based on the ground that it does not appear that before the relator made this application he had appealed to the personnel appeal board under § 427g. It is, of course, fundamental that no relator is entitled to a writ of mandamus until he has exhausted all other remedies. The only question on this motion, therefore, is whether an appeal to the personnel appeal board would have provided any remedy for this relator.

Section 427g reads as follows: "Any person holding a position in the classified service who shall be demoted, suspended, fined or dismissed, may appeal to the personnel appeal board."

Prior to 1943 there was no personnel appeal board. Appeals from demotions, etc., ran to the personnel advisory committee. Cum. Sup. 1939, § 702e. That committee was one set up under Sup. 1937, § 427d, which section provided that the duties of the committee were to "advise and assist the personnel director in the formulation of rules and regulations."

The statute which provided for appeals from demotions, etc., to the advisory personnel committee, i.e., § 702e, had in it the provision that "the decision of said committee shall be fi-

nal." When the General Assembly in 1943 provided for a personnel appeal board and, in § 427g, provided that appeals should run to that board it omitted from the appeal section that provision.

This omission does not indicate, however, that it was the legislative intent that the decision of the personnel appeal board would not be binding. It obviously was felt that, whereas the provision in the earlier statute was necessary in order to make it plain that the decision of the personnel advisory committee would be final on such appeals because it had been expressly stated elsewhere that in its other functions that committee was only advisory, now that the appeals were to go to a new board, whose functions were nowhere described as advisory only, the clause was not essential. No significance, therefore, is to be attached to the fact that there is now no expressed statement in the law that the decision of the personnel appeal board shall be final or binding on anyone.

On the other hand, it is difficult to imagine that the legislature would provide for the taking of an appeal from a dismissal or demotion which appeal would be entirely lost motion. Of what use could the legislature have thought such an appeal would be unless it might possibly result in the overriding of the order dismissing or demoting the employee? There are innumerable statutes providing for appeals from one court to another or from some administrative tribunal to a court which do not expressly state that upon such appeal the action of the appellate tribunal may reverse the action appealed from. Yet no one would suggest that such provisions for appeal were entirely nugatory. It goes without saying in such cases that the mere fact that an appeal is allowed means that the appellate tribunal has the power to overrule and reverse.

So, here, the mere fact that the legislature has provided for an appeal to the personnel appeal board indicates clearly that it was the intention of the legislature that the appeal board on such appeal would have the power to give the appellant some relief.

In the present case, whether the claimed vice of the highway commissioner was in that he was evading § 40g, or was in that he failed to notify the personnel director of his proposed action, the real gist of the relator's complaint is that he was demoted.

The injury, if any, which he sustained was his demotion. Accordingly, whatever it was that lay back of his demotion, he was privileged to take the matter to the personnel board of appeal by way of an appeal from his demotion. On such an appeal he might have obtained relief. In any event that was a remedy which he should have exhausted before he applied for a writ of mandamus. An allegation that he has exhausted that remedy is essential to the completeness of his application.

For the foregoing reasons the motion to quash is sustained.