The plaintiff instituted this action by writ filed November 18, 1971, against the three individual members of the Hamden police commission, the named secretary of that commission, the chief of police and the town of Hamden, alleging the plaintiff's illegal dismissal after a meeting of the police commission on September 15, 1970, without cause and without a hearing as provided by § 7-276 of the General Statutes, by a contract between the plaintiff and the defendants, i.e., the bargaining agreement then in force between the town of Hamden and the Hamden Police Benevolent Association, and by the charter of Hamden and the regulations and ordinances pursuant thereto. The plaintiff further asserted that if any hearing was held, it was a sham and denied him due process of law, and that his request for a review of the defendants' action was denied by the clerk of the personnel appeals board, a duly empowered agent of the defendant town of Hamden. The plaintiff's final allegation was that his dismissal violates his right to due process of law under the fourteenth amendment to the United States constitution.
The plaintiff initially sought the following relief: (1) An order to the board of police commissioners and town of Hamden to reinstate him with restored seniority, back pay and allowances, or (2) an injunction addressed to those defendants to reinstate him with back pay and allowances and to give him a full hearing on the charge of failure to report for duty, that hearing to meet all the requirements of due process, or (3) an injunction ordering those defendants to declare him retired as of September 1, 1970, the effective date of his dismissal, and to pay him full retirement benefits as of that date, (4) $50,000 *Page 147 
damages, and (5) such further or other equitable relief as may seem just.
Subsequently, prompted by the defendants' filing of a motion to erase, the plaintiff made two amendments to his prayers for relief. First, he reduced the claim for money damages to $15,000. Second, in the first claim for relief he substituted the words "An order in the nature of mandamus," for the words "An order," and in the second and third claims he substituted the words "An order in the nature of mandamus or an injunction" for the words "An injunction." The plaintiff in his brief opposing the motion to erase confirmed that "his amended complaint has made it clear that he is bringing a mandamus action for reinstatement." Accordingly, the court held that since the plaintiff's action is now a mandamus action for reinstatement, he is pursuing a proper remedy, and it denied the motion to erase.
The plaintiff has concluded his case. All of his evidence has been directed in support of an order in the nature of mandamus to compel the Hamden police commission to grant a hearing before any dismissal of the plaintiff on the charge preferred against him. The defendants, claiming that the plaintiff has failed to make out a prima facie case, have now moved for judgment as in case of nonsuit under § 278 of the Practice Book.
Mandamus neither gives nor defines rights which one does not already have. It commands the performance of a duty. It acts upon the request of one who has a complete and immediate legal right; it cannot and does not act upon a doubtful and contested right. Boyko v. Weiss, 147 Conn. 183, 186. The writ of mandamus is an extraordinary remedy to be applied only under exceptional conditions and is not to be extended beyond its well-established *Page 148 
limits. Chatfield Co. v. Reeves, 87 Conn. 63, 64;Lahiff v. St. Joseph's Total Abstinence BenevolentSoc., 76 Conn. 648, 651. The essential conditions for the issuance of the writ to enforce the performance of a ministerial duty are: (1) The party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, i.e., a duty in respect to the performance of which he may not exercise any discretion; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other sufficient remedy. Chatfield Co.
v. Reeves, supra; Bassett v. Atwater, 65 Conn. 355,360.
A mandamus proceeding is the proper action for testing the legality of the dismissal of a public employee under prescribed legal requirements. InState ex rel. McNamara v. Civil Service Commission,128 Conn. 585, the Supreme Court affirmed the issuance of a peremptory writ of mandamus issued by the trial court commanding the defendant to review the dismissal of a classified municipal employee under the provisions of the charter of the city of Bridgeport. Similarly, in Thompson v.Troup, 74 Conn. 121, 124, our court affirmed the issuance of a writ of mandamus requiring the defendant to restore the plaintiff to his position as a municipal employee in the city of New Haven, holding that mandamus was the proper form of remedy since the controversy concerned the right to a municipal office by virtue of a system established by law to maintain a proper civil service. SeeTremp v. Board of Public Safety, 13 Conn. Sup. 70,73.
The defendants have questioned the plaintiff's delay in bringing this action. The issuance of a mandamus is within the legal discretion of the court, and an inequitable delay might be ground for *Page 149 
refusing it. Silberman v. McLaughlin, 129 Conn. 273,276. This is especially so where the delay has prejudiced the rights of the defendant or other interested parties. State ex rel. Godcher v. Wollschlager,9 Conn. Sup. 189, 191. The court finds no unreasonable delay in this matter.
It is a fundamental principle that the peremptory writ should run singly to the person whose duty it is to perform the act required. When the purpose is to secure the performance of an official duty by a public officer, the writ should be addressed to him in his official capacity; and if the application for the mandamus is against two jointly, and it cannot be sustained as to one of them, it necessarily fails as to both. Farrell v. King, 41 Conn. 448, 453. "The prerogative writ of mandamus is the direct intervention of the State to compel a person, natural or artificial, on whom the law imposes a public duty, to perform that duty. Fuller v. Plainfield Acad. School,6 Conn. 532, 547; Farrell v. King, 41 id. 448, 453. If the duty is imposed on an individual holding a public office and can only be performed by the individual, the writ runs against that individual and will not run against his successor in office; but if the duty is a continuous one attached to the office, the writ will run to whoever holds that office. If the duty must be performed by several persons holding different offices, the writ runs to each and all. If the duty is a single duty which must be performed by a number of persons holding the same office, the writ may run to them by their official name or by their individual names." Norwalk So. NorwalkElectric Light Co. v. Common Council, 71 Conn. 381,390. Wherever the performance of some municipal duty is sought to be compelled by a writ of mandamus, the writ should be directed to the officer or board of the municipal government specially charged with the performance of the thing *Page 150 
ordered to be done. If the municipal corporation has no such officer or board, then the writ may be directed to the municipality by its corporate name. Mandamus confers no new authority, and it must appear from the record that the party to be coerced has power to perform the act commanded. Without such power the writ ought not to issue. State v.Towers, 71 Conn. 657, 663.
The plaintiff in his amended complaint has overreached the defendants and overextended his claims for relief for the issuance of a writ of mandamus. The first three prayers for relief are addressed to the defendants board of police commissioners and town of Hamden. The writ of mandamus sought could only reach the police commission of three members. The Secretary of the police commission, although admitted in error by the defendants' answer to be a member of this body, is not by the evidence a police commissioner under § 10-3 of the town charter. A writ of mandamus against the police commission could not reach him. The town of Hamden is also not a proper party defendant to such an application for a writ of mandamus, nor is the defendant chief of police, who is not addressed in these three claims for relief.
Mandamus cannot act upon a doubtful right.Boyko v. Weiss, 147 Conn. 183, 186. The first three prayers for relief are expressed in the alternative — for reinstatement, hearing or retirement. By these disjunctive claims the plaintiff has expressed his own doubt as to his legal right to any one of them exclusively, and by his evidence he has failed to establish a complete and immediate legal right to any one of them. His reliance, for a hearing, upon § 7-276 of the General Statutes has no legal foundation. This law enumerates the powers of town police commissions which are authorized by ordinance under the enabling statute, § 7-274. Section 10-3 of *Page 151 
the Hamden town charter established the Hamden police commission, consisting of three residents, and enumerates the powers of that commission and the rights of members of the police department, including the right to a hearing. The demand for a hearing under the bargaining agreement between the town of Hamden and the Hamden Police Benevolent Association is of no avail to the plaintiff in this proceeding. The writ of mandamus is not an appropriate remedy for the enforcement of contract rights of a private and personal nature and obligations which rest wholly upon contract and involve no questions of public trust or official duty. Parrott v.Bridgeport, 44 Conn. 180, 182. It is only where the municipal employee, by positive provision of law, can be removed only in some prescribed manner and where, consequently, it is the plain ministerial duty of a municipal board to retain him, that mandamus can be maintained. Bown v. Dunnigan, 12 Conn. Sup. 174,176.
The claim for money damages cannot be enforced in a mandamus proceeding. Chatfield Co. v. Reeves,87 Conn. 63. Similarly, the final claim for such further or other equitable relief as to the court may seem just is inappropriate in this action and establishes further doubt as to the plaintiff's claim and right to a writ of mandamus.
The defendants claim that the plaintiff has another and sufficient remedy available in that under the rules and regulations of the civil service commission he had the right to appeal his dismissal to the personnel appeals board. See State ex rel. Toohey
v. Cox, 14 Conn. Sup. 395. If, however, the plaintiff has never been legally dismissed, it follows that he was not bound to take his case to the personnel appeals board before bringing an action for a writ of mandamus. State ex rel. Hartnett v.Comptroller, 15 Conn. Sup. 336, 338. *Page 152 
The plaintiff relies on Molino v. Board of PublicSafety, 154 Conn. 368, to support his claim for money damages in addition to his petition for a writ of mandamus. These were two separate actions in the trial court, the first, an appeal from the board's dismissal of the plaintiffs from the police department, and the second, an action to recover salary allegedly due. A writ of mandamus was not in issue there.
 The court finds that the plaintiff has failed to make out a prima facie case for the relief sought by him in this action, and it must, therefore, and does hereby, enter a judgment of nonsuit against him.