[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Bridgeport city attorney for plaintiff.
Stratford town attorney for defendant.
The plaintiff, City of Bridgeport, seeks a declaratory judgment, a writ of mandamus and injunctive relief against the defendant, Town of Stratford (Town). Other named defendants are the Planning Zoning Commission of the Town of Stratford (PZC), Michael Bobko, a planning administrator, Edward Carroll, a building official, and the individual members of the PZC (in their official capacities). The plaintiff seeks to compel the Town (and its named officials and agencies) to adopt airport zoning regulations and to create a joint airport zoning board pursuant to General Statutes §§ 15-91 and 15-92. CT Page 10058-R
The dispute concerns the Sikorsky Memorial Airport located in the Town of Stratford, but owned and operated by the plaintiff. In a three count complaint filed on February 15, 1989, the plaintiff alleges that the Town failed to include the airport in its comprehensive zoning plan; that at various times since 1981, it made demands upon the Town to include the airport in the Town's comprehensive zoning plan and to adopt zoning regulations that specifically address the airport; and that the Town's failure to take such action caused the plaintiff to lose federal grants.
In the first count of its complaint, the plaintiff seeks declaratory relief, and argues that General Statutes § 15-91 mandates that a municipality which has an airport within its territorial limits must adopt zoning regulations that pertain to the airport. In the second count, the plaintiff brings a mandamus action and argues that Town officials have a legal obligation to adopt airport zoning regulations. In the third count, the plaintiff seeks a temporary restraining order to enjoin the Town from issuing building permits for parcels of land that either abut or are within close proximity to the airport. The plaintiff alleges that the Greater Bridgeport Regional Planning Agency recommended that the Town adopt zoning regulations which would treat surrounding properties as being within an "airport impact zone" for the purpose of restricting or excluding development in this zone. The plaintiff also alleges that injunctive relief is necessary because the Town is accepting building applications which would have a detrimental effect on the airport impact zone and which would create safety hazards for the airport and for the surrounding property owners.
On or about March 10, 1989, National Properties, Inc., a contract purchaser for a parcel of land located within the proposed airport impact zone, was added as a party defendant. On August 1, 1994, Joseph Garamella and Nicholas Mainiero pursuant to their motion, were added as party defendants (the intervening defendants). The intervening defendants own the parcel of land that National Properties, Inc., has contracted to buy. The intervening defendants allege that their property will be impacted by the plaintiff's requested relief.
On August 4, 1994, the intervening defendants filed a motion for summary judgment on the ground that the plaintiff lacks standing to bring its claims, and therefore, this court lacks subject matter jurisdiction. CT Page 10058-S
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105
(1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. In ruling, the court must view the facts presented in the light most favorable to the non-moving party. Connell v. Colwell, 214 Conn. 242, 246-47 (1990). "Standing goes to the court's subject matter jurisdiction." Stroiney v.Crescent Lake Tax District, 205 Conn. 290, 294 (1987). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." Tomlinson v. Board ofEducation, 226 Conn. 704, 717 (1993).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Id.
Standing is . . . a rule of judicial administration based upon the principle that the appropriate parties to litigate a dispute are those who are injured or about to be injured. The purpose of this requirement is generally said to ensure the existence of that concrete adverseness between the parties that guarantees "that the questions will be framed with the necessary specificity, that the issues will be contested with the necessary adverseness and that the litigation would be pursued with the necessary vigor. . . ."Manchester Environmental Coalition v. Stockton, 184 Conn. 51,65 (1981).
"When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded."Connecticut Assn. of Boards of Education, Inc. v. Shedd,197 Conn. 554, 558 (1985); University of Connecticut Chapter,AAUP v. Governor, 200 Conn. 386, 389.
The intervening defendants argue that the plaintiff has no standing under General Statutes § 15-97 to bring this action; that § 15-97
CT Page 10058-T confers standing to sue based on a violation of General Statutes §§ 15-88 through 15-96 only upon the municipality in which the airport is located or the Commissioner of Transportation for the State of Connecticut. Section 15-97 provides in part:
 Any person who violates any provision of sections 15-88 to 15-96, inclusive, or any regulation, order, zoning ordinance or ruling promulgated or made pursuant thereto, shall be fined not more than twenty-five dollars. . . . In addition, either the municipality within which the property is located or the commissioner may institute . . . an action to prevent, restrain, correct or abate any violation thereof, or of airport zoning regulations adopted thereunder, or of any order or ruling made in connection with their administration or enforcement, and the court shall adjudge to the plaintiff such relief, by way injunction, which may be mandatory, or otherwise, as may be proper under all the facts and circumstances of the case, in order fully to effectuate the purpose of said sections. . . .
General Statutes § 15-97 does not confer standing to sue only upon either the municipality (here, the Town of Stratford) or the Commissioner of Transportation. The plain language of § 15-97
states in pertinent part that "either the municipality . . . or the commissioner may institute . . . an action to prevent, restrain, correct or abate . . ." an alleged violation of §§ 15-88 through 15-96
or of airport zoning regulations. In the present case, the plaintiff is not suiting "to prevent, restrain, correct or abate" a violation §§ 15-88 to 15-91 or of airport zoning, regulations. Rather the plaintiff seeks a declaratory judgment as to its rights pursuant to § 15-91, as well as to compel the Town (and its officials) to enact airport zoning regulations. Moreover, if standing in the present case were based only upon § 15-97, then the intervening defendants would be without standing under § 15-97 to intervene in the present action, and Bridgeport would have no remedy to challenge incursions upon its rights.
Furthermore, § 15-97 is a "penalty" statute, as opposed to a statute which sets forth criteria for establishing standing, such as General Statutes § 8-8. For example, § 8-8 sets forth, inter alia, the requirement that the party taking an appeal from the decision of a zoning board must prove that he or she was aggrieved by the decision of that board. General Statutes §§ 8-8(b), (c) and (d); Bellv. Planning Zoning Commission, 174 Conn. 493, 497 (1978,) (standing under § 8-8 requires a showing of aggrievement). See also Rose v. FOIC, 221 Conn. 217, 230 (1992) (plaintiffs were CT Page 10058-U aggrieved, and thus had standing under General Statutes § 1-21i(d);Nader v. Altermatt, 166 Conn. 43, 51-55 (1974) (plaintiff's failure to show aggrievement under General Statutes § 38-39k(a) resulted in a lack of standing). Thus, the issue to be resolved is not whether the plaintiff has standing under § 15-97, but whether the plaintiff has standing under the common law to bring this action seeking a declaratory judgment, a writ of mandamus, and a temporary restraining order.
"The question of standing to pursue a declaratory judgment is essentially one of aggrievement." New Haven Firebird Society v.Board of Fire Commissioners, 32 Conn. App. 585, 593 (1993), citing Munhall v. Inland Wetlands Commission, 221 Conn. 46, 54
(1992). A party bringing suit must demonstrate a legal interest in the controversy that can be distinguished from the interest of the general public. Connecticut Business Industry Association, Inc. v.CHHC, 218 Conn. 335, 345 (1991). In addition, the declaratory judgment procedure is used only to resolve "a justiciable controversy where the interests are adverse, [and] where there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement." Id., 347-48. The test for aggrievement requires a showing of 1) a specific personal and legal interest in the subject matter of the decision, and 2) a special and injurious effect on this specific interest. Light Rigging Co. v. Department of Public Utility Control,219 Conn. 168, 173 (1991).
The file does not reflect whether the parties had the opportunity to either establish or contest the issue of the plaintiff's aggrievement. Such a determination cannot be made based on the record before the court. Accordingly, the court denies the intervening defendant's motion for summary judgment as to the first count.
In moving for summary judgment on the plaintiff's second count, the intervening defendants argue that mandamus is inappropriate in the present case because the Town and its officials do not have a clear legal obligation to perform the acts that the plaintiff seeks to compel them to perform (i.e., to adopt airport zoning regulations and to form a joint airport zoning board).
"If the duty is imposed on an individual holding a public office . . . the writ runs against that individual. . . . If the duty must be performed by several persons holding different offices, the writ runs to each and all. . . ." Venditto v. Auletta, CT Page 10058-V31 Conn. Sup. 145, 149-50 (Super Ct. 1974), quoting Norwalk So. NorwalkElectric Light Co. v. Common Council, 71 Conn. 381, 390
(1899). The intervening defendants are not public officials of the Town of Stratford. As such, the plaintiff's mandamus claim is not directed at the intervening defendants. Generally, "a party does not have standing to raise another person's rights." Third TaxingDistrict v. Lyons, 35 Conn. App. 795, 798 (1994). Thus, the issue of the sufficiency of the plaintiff's mandamus claim should be raised by the Town or its public officials. Accordingly, the court denies the intervening defendants' motion for summary judgment with respect to the second count of the plaintiff's complaint.
The intervening defendants also move for summary judgment on the third count of the complaint. Pursuant to this count, the plaintiff sought a temporary restraining order for the purpose of preventing the Town from issuing building permits with respect to properties which are located within the "airport impact zone." On February 2, 1989, the court, Thompson, J., issued a temporary restraining order directing the Town and its officials to refrain from issuing building permits to the intervening defendants and other person who own property located within the "airport impact zone." On July 27, 1989, the intervening defendants filed a motion to dissolve the temporary restraining order. The file does not reflect whether any action has been taken or whether any decision has been rendered with respect to the motion to dissolve.
Even assuming that the motion to dissolve was previously denied, it would not be proper for the court to address the propriety of the temporary restraining order in the context of ruling on the present motion for summary judgment. The parties first need to resolve the issues of standing which is also germane to the plaintiff's right to seek injunctive relief. See Unisys Corp. v.Department of Labor, 220 Conn. 689, 693, 600 A.2d 1019
(1991). If a court determines that the plaintiff has standing, the intervening defendants may file a second motion to dissolve the temporary restraining order. Therefore, the court denies the intervening defendants' motion for summary judgment with respect to the third count.
Freedman, Judge