[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF THIRD PARTY DEFENDANT ROHSTEINCORPORATIONS' MOTION TO STRIKE
On August 19, 1993, the plaintiff, Peter F. Gurgino, Sr. filed suit against the defendant, Vincenza Castrogiovanni d/b/a Roma Deli Pizza ["Castrogiovanni"]. That action was brought pursuant to General Statutes §§ 52-572m through 52-572r.
Castrogiovanni, the defendant/third party plaintiff, filed a Product Liability claim against third party defendants Napoli Foods, Rohstein Corporation and Hanover Foods. CT Page 6825
The third party defendant, Rohstein Corporation, moved to strike count three of Castrogiovanni's Revised Complaint, for failure to state a cause of action because:
 1. The Third Party Complaint impermissibly seeks to recover commercial loss as between commercial parties in a products liability action, in violation of Connecticut General Statute § 52-572n(c); and
 2. Motions to Strike two cross claims have already been granted by this court on October 31, 1994 (Handy, J.) and December 20, 1994 (Kremski, J.) on the basis that indemnification, cost, expenses, attorneys fees, and a defense of the action constitute commercial loss, and are not permitted by Connecticut General Statute § 52-572n(c), as between commercial parties. This is the law of the case."
A motion to strike tests the legal sufficiency of a pleading. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court is limited to facts alleged in the complaint, and the facts are construed most favorably to the plaintiff. Id.
General Statutes § 52-572n(c) provides:
 As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code.
Castrogiovanni's allegations in Count Three, paragraph 5 support a finding that the parties are commercial parties. Castrogiovanni seeks indemnification for any judgment that may be rendered against it, costs, expenses, attorneys fees and defending the action brought by the plaintiff. In this situation, these damages are commercial losses. See, e.g., Smith v. Yankee Motor Inn, 9 CSCR 880 (July 22, 1994) (Leuba, J.) ("Yankee's allegations concern loss of profits or CT Page 6826 consequential economic losses as opposed to property damages and personal injuries, therefore, the court finds that in this situation Yankee seeks indemnification for commercial losses");Davis v. Acme Pest Control, Inc., 11 Conn. L. Rptr. 26,9 CSCR 189 (January 14, 1994, Flynn, J.); Integrated PowerTechnology, Inc. v. Dal-Tile Corp., 4 Conn. L. Rptr. 494 (1991) (Hadden, J.).
The court also notes that two motions to strike based on the same ground have already been granted in this case. The third party defendant Rohstein's motion to strike count one of the third-party defendant Napoli's third party cross complaint was granted (Handy, J.) on October 31, 1994, and the third-party defendant Hanover's motion to strike Napoli's cross complaint was granted (Kremski, J.) on December 20, 1994).
Because the damages requested are for commercial losses between commercial parties, the third party defendant's motion to strike count three of the third party plaintiff's revised complaint is granted.
JOSEPH H. GOLDBERG, SENIOR JUDGE